UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MOISES MENDEZ,

        Plaintiff,

    -against-                                    08 Civ. 4967 (CM)(KNF)

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.,

        Defendant.

------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/08

### MEMORANDUM DECISION AND ORDR DENYING DEFENDANT'S MOTION TO DISMISS

McMahon, J.:

    Plaintiff has commenced an employment discrimination action (failure to accommodate disability) in this court, after exhausting his administrative remedies in the New York State Division of Human Rights (which issued a preliminary finding of "probable cause") and receiving from that agency a dismissal for "administrative convenience."

    Defendant moves to dismiss the complaint on the ground that plaintiff purported to agree to arbitrate any disputes relating to his employment. The arbitration clause is contained in an April 13, 2004, letter that Mendez signed in connection with his transfer from one position at Starwood (food runner) to another (baker).

    Plaintiff did indeed sign the letter containing such a provision. But plaintiff is a member of a Union, and so argues that his agreement to arbitrate is rendered void and unenforceable by the terms and conditions of the Union-negotiated collective bargaining agreement applicable to his position.

    Defendant denies that the collective bargaining agreement bars plaintiff from agreeing to arbitrate employment disputes. At a minimum, it urges that the issue of whether the CBA bars plaintiff from entering into a separate agreement relating to the terms and conditions of his employment must be submitted to an arbitrator, under the very terms of the CBA.

    Plaintiff is correct. 29 U.S.C. §159 provides, in pertinent part:

    (A) Exclusive representativse; employees' adjustment of

grievances directly with employer.

> Representatives designated or selected for the purpose of collective bargaining by the majority of the employees in a unit appropriate for such purposes, shall be the exclusive representatives of all the employees in such unit for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, or other conditions of employment.

29 U.S.C. § 159.

The United States Supreme Court determined, in NLRB v. Allis-Chalmers Mfg. Co., 388 U.S. 175 (1967), that "only the union may contract the employee's terms and conditions of employment, and provisions for processing his grievances." Allis-Chalmers, *supra.*, 388 U.S. at 180.

Only if the provision obligating Mendez to arbitrate any disputes relating to his employment were not a "term" or a "condition" of his employment would it fall outside the absolute bar against separately-negotiated agreements by union employees. An agreement to arbitrate employment disputes is an agreement governing a term and condition of employment. No one has suggested that plaintiff's position as a baker is not covered by the Collective Bargaining Agreement applicable to hotel employees. And "any disputes with respect to your employment" – which plaintiff purportedly agreed to arbitrate in the April 7, 2004 Letter of Agreement – clearly covers the processing of any and every grievance relating to the terms and conditions of plaintiff's employment, including but not limited to employment discrimination claims.

Under the law and Allis-Chalmers, this side agreement between plaintiff and defendant is unenforceable. There is no need to deal with any of the other arguments raised by the parties.

Defendant's motion to dismiss and compel arbitration is denied.

The parties are directed to appear for a Rule 16 conference on September 19, 2008 at 10:30 AM.

Dated: July 29, 2008

_____
U.S.D.J.

BY ECF TO ALL COUNSEL