Michael Starr (MS 6851)                                   **FILED ELECTRONICALLY**
Christine M. Wilson (CW 3440)
Hogan & Hartson LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
MOISES MENDEZ,                                                 :
                                                               :    **08 CV 4967 (CM) (KNF)**
                                          Plaintiff,           :
                                                               :
                                                               :
                        v.                                     :
                                                               :    **ANSWER TO**
STARWOOD HOTELS AND RESORTS                                    :    **THE COMPLAINT**
WORLDWIDE, INC.,                                               :
                                                               :
                                          Defendant.           :
                                                               :
-------------------------------------------------------------- x

Defendant Starwood Hotels and Resorts Worldwide, Inc. ("*Starwood*"), by and

through its attorneys, Hogan & Hartson LLP, answers the Complaint as follows:

<u>**NATURE OF THE CLAIMS**</u>

1.      Denies each and every allegation contained in paragraph 1 of the Complaint,

except admits that Plaintiff purports to bring the action under the statutes therein stated.

2.      Denies each and every allegation contained in paragraph 2 of the Complaint.

3.      Denies each and every allegation contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.        Denies each and every allegation contained in paragraph 4 of the Complaint.

5.        Denies each and every allegation contained in paragraph 5 of the Complaint, except admits that Plaintiff asserts venue under 28 U.S.C. § 1391(b).

## PARTIES

6.        Denies each and every allegation contained in paragraph 6 of the Complaint, except admits that Plaintiff Moises Mendez is, and since on or about June 16, 2003 has been, an employee of Starwood working at The Westin New York at Times Square (the "*Westin New York*"), which is a hotel operated by Starwood in New York City.

7.        Denies each and every allegation contained in paragraph 7 of the Complaint, except admits that Starwood is a corporation authorized to conduct business in the State of New York with its principle executive offices located at 1111 Westchester Avenue, White Plains, New York, 10604 and that Starwood operates, and since June 16, 2003 has operated, the Westin New York.

## PROCEDURAL ALLEGATIONS

8.        Denies each and every allegation contained in paragraph 8 of the Complaint.

9.        Denies each and every allegation contained in paragraph 9 of the Complaint, except admits that on or about May 21, 2007, Mendez filed a Verified Complaint (the "*May 21, 2007 Complaint*") with the New York State Division of Human Rights (the "*State Division*"), and further admits that on or about October 30, 2007, the State Division issued a Determination After Investigation, and respectfully refers the Court to said writing for the content thereof.

10.        Denies any and all of the allegations contained in paragraph 10 of the Complaint, except admits that on or about August 15, 2007, Mendez filed a different Verified Complaint

(the "*August 15, 2007 Complaint*") with the State Division, and that on October 30, 2007, the

State Division issued a Determination After Investigation, and respectfully refers the Court to

said writing for the content thereof.

      11.    Denies each and every allegation contained in paragraph 11 of the Complaint,

except admits that on or about February 26, 2008, the State Division issued a Notice and Final

Order of Dismissal for Administrative Convenience of the May 21, 2007 Complaint, and that on

or about March 27, 2008, the Equal Employment Opportunity Commission (the "*EEOC*") issued

a Dismissal and Notice of Rights regarding its Charge No. 16G-2007-03170.

      12.    Denies each and every allegation contained in paragraph 12 of the Complaint,

except admits that on or about April 8, 2008, the NYSDHR issued a Notice and Final Order of

Dismissal for Administrative Convenience of the August 15, 2007 Complaint, and that on or

about May 14, 2008, the EEOC issued a Dismissal and Notice of Rights regarding its Charge No.

16G-2007-04551.

      13.    Denies knowledge or information sufficient to form a belief about the truth of

each and every allegation contained in paragraph 13 of the Complaint.

      14.    Denies knowledge or information sufficient to form a belief about the truth of

each and every allegation contained in paragraph 14 of the Complaint.

      15.    Denies each and every allegation contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

      16.    Denies knowledge or information sufficient to form a belief about the truth of

each and every allegation contained in paragraph 16 of the Complaint.

17.     Denies each and every allegation contained in paragraph 17 of the Complaint, except admits that Mendez began working at the Hotel on or about June 13, 2003 as a Food Runner and further admits that Mendez currently works as a Baker at the Hotel.

18.     Denies each and every allegation contained in paragraph 18 of the Complaint.

19.     Denies each and every allegation contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 20 of the Complaint.

21.     Denies, or denies knowledge or information sufficient to form a belief about the truth of, each and every allegation contained in paragraph 21 of the Complaint.

22.     Denies each and every allegation contained in paragraph 22 of the Complaint.

23.     Denies each and every allegation contained in paragraph 23 of the Complaint.

24.     Denies each and every allegation contained in paragraph 24 of the Complaint.

25.     Denies, or denies knowledge or information sufficient to form a belief about the truth of, each and every allegation contained in paragraph 25 of the Complaint.

26.     Denies each and every allegation contained in paragraph 26 of the Complaint, except admits that Mendez has on certain occasions submitted complaints in writing to Defendant Starwood on various topics, including complaints about Executive Sous Chef Antonio Rotolo, and affirmatively alleges that Defendant has diligently and fairly investigated each and every one of Plaintiff's complaints of which it had actual notice.

27.     Denies each and every allegation contained in paragraph 27 of the Complaint, except admits that Defendant received a writing signed by some number of employees working at the Westin New York, and respectfully refers the Court to said writing for the content and substance thereof.

28.     Denies each and every allegation contained in paragraph 28.

29.     Denies each and every allegation contained in paragraph 29 of the Complaint, except admits that on one occasion Plaintiff made a communication to Defendant's national Ethics Point Hotline, and affirmatively alleges that Starwood diligently and fairly investigated the substance of and complaints made by Plaintiff to Defendant's Ethics Point Hotline system.

30.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 30 of the Complaint.

31.     Denies each and every allegation contained in paragraph 31 of the Complaint.

32.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 32 of the Complaint.

33.     Denies each and every allegation contained in paragraph 33 of the Complaint.

34.     Denies each and every allegation contained in paragraph 34 of the Complaint.

35.     Denies each and every allegation contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 36 of the Complaint, except admits and affirmatively alleges that upon his hire by Defendant, Plaintiff was given a regular work schedule appropriate to the nature of his jobs ad the operational needs of the Westin New York hotel.

37.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 37 of the Complaint.

38.     Denies each and every allegation contained in paragraph 38 of the Complaint.

39.     Denies each and every allegation contained in paragraph 39 of the Complaint.

40.     Denies each and every allegation contained in paragraph 40 of the Complaint.

41.     Denies each and every allegation contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 42 of the Complaint.

43.     Denies each and every allegation contained in paragraph 43 of the Complaint, except admits that on or about April 12, 2007, Starwood revised Plaintiff's work schedule to conform his regular hours of work to those he sought to have.

44.     Denies each and every allegation contained in paragraph 44 of the Complaint, accept admits that on one occasion, guests at the Westin New York complained that they had all contracted food poisoning and that, as a result thereof, managers of the Westin New York were directed by the New York City Department of Health to take certain actions and that said managers did take such actions as were directed to be taken for the protection of the public health.

45.     Denies each and every allegation contained in paragraph 45 of the Complaint, except admits that on an occasion Plaintiff failed and refused to take certain reasonable actions as were requested of him by his managers pursuant to directives of the New York City Department of Health for the protection of the public health.

46.     Denies each and every allegation contained in paragraph 46 of the Complaint.

47.     Denies each and every allegation contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief about the truth of each and every allegation contained in paragraph 48 of the Complaint.

49.     Denies each and every allegation contained in paragraph 49 of the Complaint.

50.     Denies each and every allegation contained in paragraph 50 of the Complaint.

51.     Denies each and every allegation contained in paragraph 51 of the Complaint.

52.     Denies each and every allegation contained in paragraph 52 of the Complaint.

53.     Denies each and every allegation contained in paragraph 53 of the Complaint.

## FIRST PURPORTED CAUSE OF ACTION

54.     Starwood hereby incorporates paragraphs 1 through 53 of this Answer as though they were fully set forth herein.

55.     Denies each and every allegation contained in paragraph 55 of the Complaint.

56.     Denies each and every allegation contained in paragraph 56 of the Complaint.

57.     Denies each and every allegation contained in paragraph 57 of the Complaint.

58.     Denies each and every allegation contained in paragraph 58 of the Complaint.

## SECOND PURPORTED CAUSE OF ACTION

59.     Starwood hereby incorporates paragraphs 1 through 58 of this Answer as though they were fully set forth herein.

60.     Denies each and every allegation contained in paragraph 60 of the Complaint.

61.     Denies each and every allegation contained in paragraph 61 of the Complaint.

62.     Denies each and every allegation contained in paragraph 62 of the Complaint.

## THIRD PURPORTED CAUSE OF ACTION

63.     Starwood hereby incorporates paragraphs 1 through 62 of this Answer as though they were fully set forth herein.

64.     Denies each and every allegation contained in paragraph 64 of the Complaint.

65.     Denies each and every allegation contained in paragraph 65 of the Complaint.

66.     Denies each and every allegation contained in paragraph 66 of the Complaint.

67.     Denies each and every allegation contained in paragraph 67 of the Complaint.

## FOURTH PURPORTED CAUSE OF ACTION

68.    Starwood hereby incorporates paragraphs 1 through 67 of this Answer as though they were fully set forth herein.

69.    Denies each and every allegation contained in paragraph 69 of the Complaint.

70.    Denies each and every allegation contained in paragraph 70 of the Complaint.

71.    Denies each and every allegation contained in paragraph 71 of the Complaint.

## FIFTH PURPORTED CAUSE OF ACTION

72.    Starwood hereby incorporates paragraphs 1 through 71 of this Answer as though they were fully set forth herein.

73.    Denies each and every allegation contained in paragraph 73 of the Complaint.

74.    Denies each and every allegation contained in paragraph 74 of the Complaint.

75.    Denies each and every allegation contained in paragraph 75 of the Complaint.

## SIXTH PURPORTED CAUSE OF ACTION

76.    Starwood hereby incorporates paragraphs 1 through 75 of this Answer as though they were fully set forth herein.

77.    Denies each and every allegation contained in paragraph 77 of the Complaint.

78.    Denies each and every allegation contained in paragraph 78 of the Complaint.

79.    Denies each and every allegation contained in paragraph 79 of the Complaint.

## SEVENTH PURPORTED CAUSE OF ACTION

80.    Starwood hereby incorporates paragraphs 1 through 79 of this Answer as though they were fully set forth herein.

81.    Denies each and every allegation contained in paragraph 81 of the Complaint.

82.    Denies each and every allegation contained in paragraph 82 of the Complaint.

## EIGHTH PURPORTED CAUSE OF ACTION

83.    Starwood hereby incorporates paragraphs 1 through 82 of this Answer as though they were fully set forth herein.

84.    Denies each and every allegation contained in paragraph 84 of the Complaint.

85.    Denies each and every allegation contained in paragraph 85 of the Complaint.

## NINTH PURPORTED CAUSE OF ACTION

86.    Starwood hereby incorporates paragraphs 1 through 85 of this Answer as though they were fully set forth herein.

87.    Denies each and every allegation contained in paragraph 87 of the Complaint.

88.    Denies each and every allegation contained in paragraph 88 of the Complaint.

89.    Denies each and every allegation contained in paragraph 89 of the Complaint.

90.    Denies each and every allegation contained in paragraph 90 of the Complaint.

## TENTH PURPORTED CAUSE OF ACTION

91.    Starwood hereby incorporates paragraphs 1 through 90 of this Answer as though they were fully set forth herein.

92.    Denies each and every allegation contained in paragraph 92 of the Complaint.

93.    Denies each and every allegation contained in paragraph 93 of the Complaint.

94.    Denies each and every allegation contained in paragraph 94 of the Complaint.

## ELEVENTH PURPORTED CAUSE OF ACTION

95.    Starwood hereby incorporates paragraphs 1 through 94 of this Answer as though they were fully set forth herein.

96.    Denies each and every allegation contained in paragraph 96 of the Complaint.

97.    Denies each and every allegation contained in paragraph 97 of the Complaint.

98.    Denies each and every allegation contained in paragraph 98 of the Complaint.

## TWELFTH PURPORTED CAUSE OF ACTION

99.    Starwood hereby incorporates paragraphs 1 through 98 of this Answer as though they were fully set forth herein.

100.    Denies each and every allegation contained in paragraph 100 of the Complaint.

101.    Denies each and every allegation contained in paragraph 101 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

102.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

103.    Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE

104.    Plaintiff has not satisfied all of the conditions precedent and procedural prerequisites to maintaining this action.

## FOURTH AFFIRMATIVE DEFENSE

105.    This Court lacks subject matter jurisdiction of Plaintiff's claims as they are all subject to arbitration pursuant to a valid individual agreement to arbitrate that Plaintiff entered into with the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

106.    This Court lacks subject matter jurisdiction of Plaintiff's claims as they are all subject to arbitration pursuant to the arbitration provisions contained in a collective bargaining agreement existing between Starwood and Plaintiff's exclusive bargaining representative.

## SIXTH AFFIRMATIVE DEFENSE

107.    This Court lacks subject matter jurisdiction of Plaintiff's purported state-law tort claims as such claims are not within the supplemental jurisdiction of this Court.

## SEVENTH AFFIRMATIVE DEFENSE

108.    Any alleged discriminatory conduct referred to in the Complaint, even if proved, would have been taken by Starwood for legitimate non-discriminatory reasons irrespective of any illegal discrimination.

## EIGHTH AFFIRMATIVE DEFENSE

109.    At all times relevant to Plaintiff's claim of disability discrimination under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, the New York State Human Rights Law, New York Executive Law § 290 *et seq.*, and the New York City Human Rights Law, New York Administrative Code § 8-101 *et seq.*, Plaintiff failed and refused, without justification or excuse, to engage in an interactive process with the Defendant to determine the nature and extent of his disability, its actual effect on his ability to perform his assigned job functions, or the adjustments or modifications actually required to be made, if any, to allow Plaintiff to perform in a reasonable manner the essential functions of his job.

110.    By virtue of the foregoing, Plaintiff is precluded from asserting against the Defendant a claim of failure to make reasonable accommodation.

## NINTH AFFIRMATIVE DEFENSE

111.    At all times relevant to this action, the Defendant had in effect policies and procedures for the prevention and correction of illegal workplace harassment, discrimination and retaliation, including harassment on the basis of race, national origin and/or disability, and

Defendant exercised reasonable care to prevent and correct promptly any such harassing, discriminatory or retaliatory behavior.

112.    During Plaintiff's employment with the Defendant, Plaintiff unreasonably failed to report alleged harassment, discrimination or retaliation on the basis of his race, national origin and/or disability and unreasonably failed to take advantage of any of the Defendant's procedures for preventing and/or correcting illegal harassment, discrimination or retaliation.

113.    By virtue of the foregoing, Plaintiff's claims for harassment or discrimination on the basis of race, national origin and/or disability and for retaliation are barred in their entirety.

## TENTH AFFIRMATIVE DEFENSE

114.    Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because, at all times relevant to the Complaint, the Defendant engaged in good-faith efforts to comply with its obligations under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Administrative Code and all other applicable state or local laws relating to discrimination or harassment on the basis of race, national origin, or disability.

## ELEVENTH AFFIRMATIVE DEFENSE

115.    Plaintiff cannot recover punitive damages for any alleged unlawful discriminatory practice because the Defendant did not at any relevant time know that any of its conduct was in violation of federal, state or local law relating to discrimination or harassment in employment on the basis of race, national origin or disability, or retaliation, and the Defendant was not consciously indifferent to whether it violated any such laws or rights of Plaintiff under such laws.

## TWELFTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims regarding an allegedly unsafe work environment are precluded by the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651-678.

## THIRTEENTH AFFIRMATIVE DEFENSE

117.    Plaintiff lacks standing to assert claims asserting an unsafe work environment and has failed to satisfy the procedural prerequisites for his assertion of such claims in this Court.

WHEREFORE, defendant respectfully requests that the Court render judgment in its favor:

(a) dismissing the claims asserted against it by the plaintiff herein; and

(b) awarding such other and further relief as to this Court seems just, proper, and equitable, including all costs of this action, including defendant's attorneys' fees.

Dated: New York, New York
        August 15, 2008

Respectfully submitted,

HOGAN & HARTSON LLP

By: _____/s/_____
        Michael Starr (MS 6851)
        Christine M. Wilson (CW 3440)
        875 Third Avenue
        New York, New York 10022
        (212) 918-3000