# HOGAN & HARTSON

**MEMO ENDORSED**



Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1 212 918 3000 Tel
+1 212 918 3100 Fax

www.hhlaw.com

Michael Starr
(212) 918-3638
mstarr@hhlaw.com

October 30, 2008

**BY FACSIMILE**

Hon. Kevin Nathaniel Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

Re: *Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*
No. 08 Civ. 4967 (CM) (KNF)

Dear Judge Fox:

As you are aware, this firm represents defendant Starwood Hotels and Resorts Worldwide, Inc. in the above-referenced action. We write to request that Your Honor allow Defendant to further depose the sole plaintiff in this action, Moises Mendez, for one additional day, pursuant to Rule 30(d)(1) of the Federal Rules of Civil Procedure. Plaintiff's counsel has refused to consent to the additional time.

In his lengthy Complaint, Plaintiff has raised a variety of issues surrounding his employment with Defendant that could not be sufficiently covered during the one day of deposition testimony that was taken on October 27, 2008. That deposition, which lasted from 9:30 in the morning until approximately 8:00 in the evening, involved approximately 7 hours and 40 minutes of actual testimony, and was adjourned for the day by Defendant due to the lateness of the hour. During the deposition, Plaintiff often provided long, rambling answers that were nonresponsive to the actual questions asked and, thus, interfered with Defendant's ability to address the full range of issues raised in the Complaint. On one occasion, the Defendant amended his prior Interrogatory answers to identify an additional person who allegedly harassed him.

While Rule 30(d)(1) generally limits depositions to one day of seven hours, it also states that a court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." The Advisory Committee Notes for the 2000 Amendment to Rule 30(d)(1) refers to Paragraph (2) as a merely "presumptive durational limitation" and provides examples of when additional time may be appropriate, including when the examination will cover events occurring over a long period of time. Here, Plaintiff's Complaint claims that Plaintiff was subjected to discrimination, harassment and retaliation over a period of several years, from 2003 to the present, alleges various types of discrimination, harassment and retaliation, including on the basis of race, color, national origin and disability. Moreover, Plaintiff's interrogatory answers name over a

Hon. Kevin Nathaniel Fox
October 30, 2008
Page 2

dozen individuals who allegedly subjected him to harassment, particularly verbal harassment that could not be recorded in or determined by reference to any documents, and Plaintiff's claim for emotional distress damages requires exploration of medical conditions and complications that Plaintiff has experienced throughout the relevant time. Plaintiff has already noticed five depositions of Defendant's supervisory and managerial personnel who allegedly perpetrated or failed to remediate the alleged harassment and discrimination. It is hard to understand how Defendant could be expected to fairly examine Plaintiff in only one day as to events and circumstances for which his counsel will spend approximately five days of questioning.

Granting one additional day for Plaintiff's deposition will not implicate the concerns of Rule 26(b)(2). Plaintiff is the primary witness in this matter and the only source who can provide information regarding the entire scope of the behavior he has allegedly been subjected to and how he believes such behavior has affected his health. Thus, Defendant has no realistic opportunity to obtain this information by other discovery, especially given this Court's Local Rule on interrogatories, which Plaintiff has demanded be strictly applied. It is not burdensome to ask that Plaintiff appear for one additional day of deposition to fully explore his allegations, and any such burden does not outweigh the likely benefit of additional deposition time especially since, as noted, Plaintiff is the only possible source of the information sought and the critical witness at trial.

Courts in this circuit have not been unwilling to grant one additional day of deposition testimony in the appropriate circumstances. For instance, in Carmody v. Village of Rockville Centre, 05 CV 4907 (SJF) (ETB), 2007 WL 2177064, at *4 (E.D.N.Y. July 27, 2007), the court granted leave for Defendants to conduct a second deposition of a single plaintiff in a workplace discrimination action. The court granted such leave despite its recognition that the action only involved discrete issues surrounding Plaintiff's termination and request for reinstatement. The number, scope, and time frame of the issues involved in the instant action are significantly larger than that.

In light of all of these considerations, as well as the repeated representations by Plaintiff's counsel that he expects Plaintiff to receive a substantial jury award from this action, it is not unreasonable to ask that Plaintiff sit for one additional day of deposition testimony, and we ask that Your Honor direct that he do so.

Respectfully submitted,

Michael Starr

MS:scc

cc (via e-mail): Kenneth P. Thompson, Esq.
                 Christine M. Wilson, Esq.
                 Ariel Y. Graff, Esq.
                 Jamie E. Balanoff, Esq.

*Handwritten note dated 11/3/08:* The touchstone for extending the presumptive seven-hour time limit for depositions is a showing of good cause by the party seeking the extension. Based on the submissions made by the parties, the Court finds the defendant has not satisfied its burden. Therefore, the application for an order directing the plaintiff be deposed for an additional seven hours, is denied. SO ORDERED: Kevin Nathaniel Fox, U.S.M.J.