

# HOGAN & HARTSON



NOV 18 2008

CHAMBERS OF
KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE

Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022
+1.212.918.3000 Tel
+1.212.918.3100 Fax

www.hhlaw.com

Michael Starr
(212) 918-3638
mstarr@hhlaw.com

November 18, 2008

**BY FACSIMILE**

Hon. Kevin Nathaniel Fox
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

   Re: *Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*
     No. 08 Civ. 4967 (CM) (KNF)

Dear Judge Fox:

As Your Honor knows, this firm represents defendant Starwood Hotels & Resorts Worldwide, Inc. ("*Starwood*") in the above-referenced matter. This letter supplements prior letters to Your Honor concerning Starwood's application for a Rule 35 mental examination of Plaintiff, Moises Mendez.

Counsel for both parties have now conferred concerning this matter and have reached agreement on substantially all issues. The parties could not agree, however, on one question, and Starwood respectfully requests Your Honor's determination of that outstanding issue.

**Matters Agreed To**

Plaintiff does not object to Starwood's having the Rule 35 mental examination of Mr. Mendez. Opposing counsel has, however, asked for certain restrictions and limitations to be placed on that examination. Starwood has accepted all those restrictions except one.

The agreed-upon restrictions are as follows:

  1. The Rule 35 mental examination will involve only one psychological test, that being the Minnesota Multiphasic Personality Inventory - II ("*MMPI-II*"), and it will be administered in its Spanish-language version.

  2. There will be no recording made of the psychiatric interview.

  3. No lawyers will be present at the mental examination or at the site of the mental examination while it is being administered.

Hon. Kevin Nathaniel Fox
November 18, 2008
Page 2

    4.    The mental examination will not be given in any attorney's office. It will, rather, be administered at the offices of Andrew P. Levin, M.D. at 141 North Central Avenue, Hartsdale, New York.

    5.    The Rule 35 mental examination will not be administered by an individual who regularly provides such services for this law firm and the undersigned hereby affirms that Dr. Levin has not performed forensic psychiatric services for the firm of Hogan & Hartson LLP prior to his engagement for this matter.

## Matters in Dispute

The only matter remaining in dispute is the duration of the mental examination. Plaintiff has asked that the examination be limited to no more than 4 hours, including both the personal interview and any psychological testing.

Defendant asks that it be permitted to have a mental examination consisting from 2 to 3 hours for administration of the MMPI-II in Spanish and a personal interview of up to, but no more than 4 hours, in addition to the psychological testing. Defendant is prepared, as an accommodation to Plaintiff, to have the mental examination administered in two parts, as follows: the administration of the MMPI-II (in Spanish) at the offices of Dr. Levin on December 5, 2008 and the personal interview of Plaintiff by Dr. Levin for up to, but no more than, 4 hours, at the offices of Dr. Levin on December 12, 2008.

## Grounds for Starwood's Application

Defendant submits that a Rule 35 mental examination of Plaintiff be administered as it requests because in the opinion of its forensic psychiatric expert, anything less than the examination period and components outlined above would hamper his ability to render an opinion as to the matters for which an opinion is required in this action. A full statement of the reasons for that position (as well as the background and qualifications of Dr. Levin) are set forth in his Affirmation, dated November 17, 2008, which is submitted together with this letter.

The purpose of a Rule 35 mental examination is to "'preserve[] the equal footing of the parties to evaluate the plaintiff's mental state. . . .'" *Gattegno v. PriceWaterhouseCoopers, LLP*, 204 F.R.D. 228, 233 (D. Conn. 2001), *quoting Duncan v. Upjohn Co.*, 155 F.R.D. 23, 25 (D. Conn. 1994); *see Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993) (Rule 35 attempts to provide a "level playing field" between the parties in their appraisals of Plaintiff's psychological state) (internal quotations omitted).

Limiting Defendant's examination to only four hours would hardly level the playing field between the parties. Under Plaintiff's proposed time frame, after the MMPI-II is administered, Dr. Levin would have only an hour or two to actually interview Plaintiff on the myriad of sensitive and time-consuming issues Dr. Levin details in his Affirmation. In this particular case, Plaintiff has made serious allegations of harassment by several different people over a period of years. Plaintiff claims $5.5 million in emotional and physical damages for conditions which he claims have originated or been aggravated by the behavior he experienced at work. He has been under the treatment of two, different psychiatrists for the past three years.

Hon. Kevin Nathaniel Fox
November 18, 2008
Page 3

Plaintiff's counsel has refused to represent that he would not call Mr. Mendez's treating psychiatrists to be witnesses at the jury trial of this matter. Plaintiff's counsel has refused to represent that he would not attempt to elicit from these treating physicians their opinions as to the extent of Mr. Mendez's emotional distress or its causation. And, at trial, Plaintiff's counsel will surely try to discredit Dr. Levin's opinion based on the relatively limited time he spent interviewing Mr. Mendez as compared to his treating physician. Plaintiff's counsel has also refused to say whether or not he would use at trial a psychiatric expert other than Mr. Mendez's treating physicians.

Under all the foregoing circumstances, Dr. Levin should at least be allowed to take the time he deems necessary to fully evaluate Plaintiff. Anything less would not "level the playing field" or give Defendant the "equal footing" it is entitled to have.

The time parameters requested by Defendant are well within the range deemed reasonable in other cases. For example, in *Stoner v. The New York City Ballet Co.*, No. 99Civ.0196, 2002 WL 31875404, at *5 (S.D.N.Y. Dec. 24, 2002), the court found good cause for defendant's psychiatrist to examine plaintiff for two 4-hour sessions on separate days, finding such a time period reasonable and plaintiff's objections regarding the possible stress associated with the examinations to be unpersuasive. *See also Gibson v. Walgreen Co.*, No. 6:07-cv-1053-Orl-28KRS, 2008 WL 746845, at *2 (M.D. Fla. March 18, 2008) (4 to 6 hours exclusive of breaks is reasonable for an interview and testing, and rejecting a 4-hour limit because the "examinee potentially could manipulate the length of the oral interview by taking *unnecessarily long on the written tests*") (emphasis added); *Juell v. Forest Pharms., Inc.*, Civ. No. S-05-0378, 2006 WL 1837929, at *2 (E.D. Ca. July 5, 2006); (8-hour exam in a single day with one hour lunch break reasonable); *Greenhorn v. Marriot Int'l, Inc.*, 216 F.R.D. 649, 653 (court declined to impose a 2-hour limit on psychiatric interview, instead finding 3 to 5 hours reasonable); *Jackson v. Entergy Operations, Inc.*, Nos. Civ.A. 96-4111 and 97-0943, 1998 WL 28272, at *3 (E.D. La. Jan. 26, 1998) (4 hours each for psychological testing and psychiatric examination was reasonable).

For all the foregoing reasons, Defendant requests that it be permitted to have a Rule 35 mental examination of Plaintiff in this action as follows: the administration of the MMPI-II (in Spanish) at the offices of Andrew P. Levin, M.D. on December 5, 2008 lasting for approximately 2 to 3 hours to be followed by a personal interview of Plaintiff by Dr. Levin at his offices on December 12, 2008 lasting up to, but no more than 4 hours in duration.

11/19/08
Having considered the instant application and the plaintiff's written opposition thereto, the application is granted.
SO ORDERED:
/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX, U.S.M.J.

Respectfully submitted,

Michael Starr

MS:scc
Attachment

cc (via e-mail):  Kenneth P. Thompson, Esq.
                 Jamie E. Balanoff, Esq.