UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MOISES MENDEZ,  :
                    Plaintiff,
                    :      ORDER

  -against-
                    :      08 Civ. 4967 (CM)(KNF)

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.  :
                  Defendant.
------------------------------------------------------------x
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      The plaintiff has requested that the Court: (1) order the defendant to produce "any Starvoice-related documents that constitute or concern allegations, complaints, and/or reports of discrimination, harassment and/or retaliation on the basis of race, disability, national origin and/or Spanish language by employees, including managers, at the Westin [Hotel] against Defendant and/or the Westin [Hotel] from 2003 to the present"; and (2) provide guidance on the permissibility of questioning Nancy Kiska at her January 8, 2009 deposition about certain still images that were extracted from a video recording. The defendant has requested a conference, with the Court and the plaintiff, to address its desire for an order compelling the plaintiff to supplement its answers to the defendant's: (1) First Set of Interrogatories, interrogatory numbers 6-9; (2) Second Set of Interrogatories, interrogatory numbers 1-2, 4-5; and (3) Contention Interrogatories, interrogatory numbers 1-4. Both parties have opposed each other's requests. Having considered the parties' written submissions in support of, and in opposition to, the respective requests,

      IT IS HEREBY ORDERED, that the plaintiff's request, that the Court order the defendant to produce the above-described Starvoice-related materials, is granted. The defendant's arguments against disclosure are unpersuasive as: (1) to the extent the defendant

contends obtaining and reviewing the Starvoice-related materials, preparatory to disclosure, would be unduly burdensome, the plaintiff has offered to review, independent of the defendant, all Starvoice documentation–electronic or otherwise–for material responsive to its discovery requests, thereby relieving the defendant of any burden it believes would be imposed upon it in undertaking this exercise; and (2) the plaintiff's failure to make a discovery request for Starvoice materials previously, was based upon the defendant's failure to disclose the existence of Starvoice in its writing submitted pursuant to the assigned district judge's Rules Governing Electronic Discovery. The defendant shall produce Starvoice documentation–electronic or otherwise–to the plaintiff expeditiously. To the extent the plaintiff also requests "guidance" relating to the scope of the oral examination of Nancy Kiska, the plaintiff is referred to the record generated during the telephonic conference the Court held with the parties on January 5, 2009.

The defendant's motion for a conference is denied, as its request to compel the plaintiff to respond to its interrogatories is addressed by this order. The defendant's request, that the plaintiff provide supplemental answers to its: (1) First Set of Interrogatories, interrogatory numbers 6-9, is denied, as this request was already presented to the Court, and denied, during the telephonic conference held with the parties on September 29, 2008; (2) Second Set of Interrogatories, is denied, as interrogatory numbers 1-2 seek information, the relevancy of which, to the claims, defenses or subject matter of the action, is suspect, and, with respect to interrogatory numbers 4-5, the plaintiff has represented that complete responses to these interrogatories were provided, and the defendant has not contested this representation– notwithstanding, to the extent that interrogatory numbers 4-5 seek information about a person from whom opinion testimony may be elicited at the trial of this action, full compliance with Fed. R. Civ. P. 26(a)(2)(B) is required of the plaintiff; and (3) Contention Interrogatories, is

granted, in part, and denied, in part. The plaintiff is directed to supplement its answer to Contention Interrogatory 4, as well as its answer to subsection (a) of Contention Interrogatories 1-3, as these interrogatories ask the plaintiff to relate his opinions or contentions pertaining to facts germane to the litigation. See Fed. R. Civ. P. 33(a)(2). The plaintiff's objections to supplementing his answer to subsection (b), of Contention Interrogatories 1-3, is sustained, since the defendant's request, that the plaintiff identify the evidence supporting the plaintiff's answer to subsection (a), seeks much more than the plaintiff's position on various issues in this action.

Dated: New York, New York  
       January 15, 2009

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
United States Magistrate Judge