**MANDATE**

08-4264-cv
Mendez v. Starwood Hotels & Resorts Worldwide, Inc.

SDNY/NYNY
08-cv-4967
McMahon

McMahon, J.
S.D.N.Y.
08-cv-4967

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: (SUMMARY ORDER). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of August, two thousand nine,

PRESENT:

>  BARRINGTON D. PARKER,
>  RICHARD C. WESLEY,
>       *Circuit Judges,*
>  NICHOLAS TSOUCALAS,*
>       *Judge.*



_____

Moises Mendez,
>       *Plaintiff-Appellee,*

-v.-                                                              08-4264-cv
                                                                  **SUMMARY ORDER**
Starwood Hotels & Resorts Worldwide, Inc.,
>       *Defendant-Appellant.*

_____

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

AUG 2 4 2009

ISSUED AS MANDATE

| | |
|---|---|
| FOR PLAINTIFF-APPELLEE: | Kenneth P. Thompson, Ariel Graff, Thompson Wigdor & Gilly LLP, New York, NY. |
| FOR DEFENDANT-APPELLANT: | Michael Starr, Holland & Knight LLP, New York, NY. |

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the district court decision is AFFIRMED.

Defendant-Appellant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") appeals from an Order of the United States District Court for the Southern District of New York (McMahon, J.). The district court denied Starwood's motion to compel Plaintiff-Appellee Moises Mendez to arbitrate his employment discrimination claims against Starwood. Starwood bases its motion to compel upon a one-page letter-agreement between Starwood and Mendez. According to the district court, the arbitration provision in the letter-agreement is unenforceable because Mendez's union, the New York Hotel & Motel Trades Council, AFL-CIO, is a designated collective-bargaining representative with exclusive authority to negotiate agreements to arbitrate such claims. Starwood has filed this interlocutory appeal under § 16(a)(1) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1), which provides for immediate appeal from an order denying a motion to compel arbitration. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

This Court reviews the denial of a motion to compel arbitration *de novo*. *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 234 (2d Cir. 2006). Pursuant to the National Labor Relations Act, a designated bargaining representative has exclusive authority to bargain over "rates of pay, wages, hours of employment, or other conditions of employment." 29 U.S.C. § 159(a). In *NLRB v. Allis-Chalmers Mfg. Co.*, 388 U.S. 175 (1967), the Supreme Court confirmed that where a union functions as an exclusive bargaining representative, "only the union may contract the

employee's terms and conditions of employment." *Id.* at 180. Represented employees are bound by these negotiated terms and conditions of employment, which are mandatory subjects of bargaining. *Id.*

Citing § 159(a) and *Allis-Chalmers*, the district court concluded that an agreement to arbitrate employment disputes is among the terms and conditions of employment over which a designated bargaining representative has exclusive bargaining authority. Therefore, according to the district court, only Mendez's union had the authority to negotiate such an arbitration agreement and the provision in the individual letter-agreement between Starwood and Mendez is an unenforceable "side agreement."

The arbitration provision in the letter-agreement Starwood asked Mendez to sign is without limitation, extending not simply to statutory claims but to "any disputes with respect to [Mendez's] employment." Because the provision Starwood relies upon reaches *any* dispute, it relates to subjects that are within the union's exclusive bargaining realm, such as seniority, wages, and conditions of employment, and is therefore unenforceable. *See Allis-Chalmers*, 388 U.S. at 180. Furthermore, unlike cases in which courts have severed an unenforceable fee provision from an otherwise enforceable arbitration clause, *see Herrera v. Katz Commc'ns, Inc.*, 532 F. Supp. 2d 644, 647 (S.D.N.Y. 2008), there is no way to construe the language in the letter-agreement's arbitration clause to allow severance of an invalid portion from an otherwise enforceable provision.

During the pendency of this appeal, the Supreme Court decided *14 Penn Plaza LLC v. Pyett*, 129 S. Ct. 1456 (2009), *overruling Pyett v. Pennsylvania Bldg. Co.*, 498 F.3d 88 (2d Cir. 2007). In *Penn Plaza*, the Court stated that an agreement to arbitrate employment-related

discrimination claims is a "freely negotiated term" of a collective-bargaining agreement that "easily qualifies as a 'condition of employment' that is subject to mandatory bargaining under [NLRA] § 159(a)." *Id.* at 1464 (alteration omitted). *Penn Plaza* confirms that a union designated under § 159(a) has exclusive authority to negotiate agreements to arbitrate statutory discrimination claims. Nothing in *Penn Plaza* gives an employer the right to do so outside of the collective-bargaining context.

For the foregoing reasons, the decision is AFFIRMED.[1]

For the Court:
Catherine O'Hagan Wolfe, Clerk

By: *[signature]*

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by *[signature]*
DEPUTY CLERK

---

[1] Whether, in light of *Penn Plaza*, the arbitration provision in the industry-wide collective-bargaining agreement requires arbitration is not before us on appeal.