Michael Starr, Esq.
Loren L. Forrest, Jr., Esq.
HOLLAND & KNIGHT LLP
195 Broadway
New York, New York 10007
Tel.: (212) 513-3200
Fax: (212) 385-9010
Attorneys for Starwood Hotels and Resorts Worldwide, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

Moises Mendez,                                    :
                                                  :
                        Plaintiff,                :          08 Civ. 4967 (CM)(KNF)
                                                  :
           -against-                              :          **DEFENDANT'S PROPOSED**
                                                  :          **SPECIAL JURY INSTRUCTIONS**
Starwood Hotels & Resorts Worldwide, Inc.,        :
                                                  :
                        Defendant.                :
------------------------------------------------------------ X


PLEASE TAKE NOTICE that Defendant Starwood Hotels and Resorts Worldwide, Inc.

("Defendant"), by and through its counsel, Holland & Knight LLP, respectfully requests that the

Court give the attached instructions to the jury as well as any additional instructions that may

become necessary as evidence is presented. Although Defendant has attempted to anticipate the

nature of the proof at trial, Defendant respectfully reserves its right to offer evidence not covered

by these instructions.

## PROPOSED JURY INSTRUCTION NO. 1 - CREDIBILITY OF WITNESSES

The jurors are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case. In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial; take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe, the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; and if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness.

**AUTHORITY:**
O'Malley, Genig, and Lee, Federal Jury Practice and Instructions (5th Edition as supplemented through 2009) § 101.43; United States v. Philips, 522 F.3d 388, 391 (8th Cir. 1975) (reading instruction).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 2 - VERDICT BASED ON EVIDENCE NOT SYMPATHY; CORPORATION EQUAL UNDER THE LAW

Your verdict should be based solely on the evidence developed in this case, or the lack of evidence.

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation such as Starwood is entitled to the same fair trial as a private individual such as Mr. Mendez. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.


## AUTHORITY:

O'Malley § 103.12; In re Murchinson, 349 U.S. 133 (1955); Edwards v. City of Philadelphia, 860 F.2d 568 (3d Cir. 1988); Brown v. Parker Drilling Offshore Corp., 410 F3d 166/5[th] Cir. 2005); Joan W. v. City of Chicago, 771 F.2d 1020 (7th Cir. 1985).


GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 3 - PRIMA FACIE CASE OF HOSTILE WORK ENVIRONMENT

For Plaintiff to establish each of his claims that he was subjected to a hostile work environment on the basis of his race, color, national origin or disability, he must prove the following as to the complained of conducted targeted to him as to his race, color, national origin or disability:

First, Plaintiff must prove that he is a Hispanic man, of a certain skin color, of Ecuadorian national origin, and has a real or perceived disability. These facts are not disputed and may be accepted as true;

Second, he must prove that the complained-of conduct concerning his status was unwelcome;

Third, he must prove that complained-of conduct was expressly because of his race, color, national origin, or disability;

Fourth, he must prove that the complained-of conduct was sufficiently severe and pervasive as to his disability that it created an abusive working environment;

Fifth, he must prove that the complained-of conduct because of one of these statuses was both subjectively offensive to him and also objectively offensive to the reasonable person; and

Sixth, he must prove that Starwood had responsibility for the complained-of conduct concerning one of his statuses at issue.

If Plaintiff has not proven any of the above elements by a preponderance of the evidence as to disability, you must find in favor of Starwood on Plaintiff's hostile work environment claim as to that status.

I will now provide you with further detail regarding these elements to assist you in your deliberations.

**AUTHORITY:**
Oncale v. Sundowner Offshore Svcs., 523 U.S. 75, 79-81, 118 S. Ct. 998, 1002 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 106 S. Ct. 2399 (1986); Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("[e]veryone can be characterized by sex, race, ethnicity, or (real or perceived) disability . . . . It is therefore important in hostile work environment cases to exclude from consideration [acts] that lack a linkage or correlation to the claimed grounds of discrimination."); Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993), aff'd without opinion, 104 F.3d 355 (2d Cir. 1996).


GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 4 - THE ALLEGED
## CONDUCT WAS UNWELCOME

For any conduct toward the Plaintiff by a co-worker or supervisor to be deemed unlawful discriminatory harassment, Plaintiff must show that the act or conduct was unwelcomed in the sense that Plaintiff did not invite the conduct and regarded it as undesirable or unpleasant, or that Plaintiff's actions show that he was not a willing participant in the conduct at issue. For instance, if you find that the conduct was welcomed or that Plaintiff participated in the conduct such as exchanging jokes about a similar subject, you cannot find that Plaintiff was subjected to a hostile work environment as to that subject, even if it related to his race, color, national origin or disability. You would then need to find in favor of Defendant with respect to that incident.

You have heard the Plaintiff testify that one of his supervisors, Chef Antonio Rotolo, referred to the Plaintiff's surgical scar as a "mangina." You have heard others testify that Plaintiff himself referred to his surgical scar as a "pussy." If you find that Plaintiff did refer to his surgical scar as a "pussy" in conversations with Mr. Rotolo or with other co-workers, you must consider whether Plaintiff, by doing so, invited other similar comments from Rotolo or was not offended by them. If that is what you find, you may not find that the incident was an instance of harassment as that is understood by the law.

### AUTHORITY:
Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 68, 106 S. Ct. 2399, 2406 (1986); Mormol v. Costco Wholesale Corp., 364 F.3d 54, 58 (2d Cir. 2004); Brennan v. Metro. Opera Assn., 192 F.3d 310, 318 (2d Cir. 1999); Trotta v. Mobil Oil Corp., 788 F. Supp. 1336, 1348 (S.D.N.Y. 1992).

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 5 - HARASSMENT
### MUST BE "BECAUSE OF" RACE, COLOR,
### NATIONAL ORIGIN OR DISABILITY

During the course of this trial, you have heard Plaintiff testify that he felt that he has been harassed by the conduct of individuals in his workplace. The word "harassment" is a word that we use every day. I caution you, however, that for purposes of the anti-discrimination statutes that Plaintiff is using for his claims, there is a particular meaning of the word "harassment," which may or may not correspond to how you understand that word in your ordinary life. As it applies to this case, the Defendant can be liable for illegal harassment only if it is harassment directed against Plaintiff "because of" his race, color, national origin or disability. If you find that the behavior Plaintiff is complaining about was not directed towards him because of his race, color, national origin or disability, but for some other reason, then you must find that he did not establish a claim for discriminatory harassment on the basis under the anti-discrimination clause with respect to that incident or event.

To be clear, if someone behaved toward Plaintiff in an abusive or belligerent manner because the person did not like the Plaintiff or because the person had a grudge or ill-will toward Plaintiff, you cannot find that incident to be an instance of discriminatory harassment unless you also find that it was motivated, wholly or in part, by Plaintiff's race, color, national origin or disability.

Sometimes people do not get along with other people that they work with. Sometimes we say that two people at work have a "personality conflict" or "have it in for each other." If you find out that some incident that Plaintiff has complained about was the result of a personality conflict between Plaintiff and someone else he worked with, you may not find that incident or event to be an instance of discriminatory harassment unless you also find that it was motivated, wholly or in part, by Plaintiff's race, color, national origin or disability.

## AUTHORITY:
Oncale v. Sundowner Offshore Svcs., 523 U.S. 75, 79-81, 118 S. Ct. 998, 1002 (1998) (as to federal law - holding conduct at issue must be "because of" protected class at issue); Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("[e]veryone can be characterized by sex, race, ethnicity, or (real or perceived) disability . . . . It is therefore important in hostile work environment cases to exclude from consideration [acts] that lack a linkage or correlation to the claimed grounds of discrimination."); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 309-310, 786 N.Y.S.2d 382, 394-95 (2004) (state law - "But it is simply not the law that every dispute that arises between people of different races constitutes employment discrimination, or that every wrongful act perpetrated in the course of such a dispute is committed because of race. Simply put, animosity on the job is not actionable; unequal treatment based on racial animus is." . . . . To be sure, discrimination, when it occurs, is a serious evil to be dealt with seriously. But mere personality conflicts must not be mistaken for unlawful discrimination, lest the antidiscrimination laws become a general civility code"" (citing Faragher v City of Boca Raton, 524 US 775, 788 (1998) (citation and internal quotation marks omitted)); see also Gorley v Metro-North Commuter R.R., 2000 WL 1876909, *7 (S.D.N.Y., Dec. 22, 2000) ("Even if (plaintiff's supervisor) did harbor personal animosity against plaintiff . . . Title VII provides relief only for racial discrimination, not fickleness"), aff'd. 29 Fed. Appx. 764 (2d Cir 2002); Gibson v Brown, 1999 WL 1129052, *12, 1999 US Dist LEXIS 18555, *34 (E.D.N.Y., Oct. 19, 1999) ("Personal animosity is not the equivalent of . . . discrimination and is not proscribed by Title

VII.  The plaintiff cannot turn a personal feud into a . . . discrimination case by accusation" (citations omitted)), _aff'd_. 242 F3d 365 (table; text at 2000 WL 1843914, 2000 US App LEXIS 33119 (2d Cir 2000)); Padob v Entex Info. Serv., 960 F Supp 806, 813 (S.D.N.Y. 1997) ("It might be just as likely that Plaintiff was excluded because of her acknowledged personality conflict with (her supervisor)--but such behavior is not prohibited by (anti-discrimination laws)")).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 6 – HARASSMENT MUST BE
## SEVERE AND PERVASIVE

For Plaintiff to prevail on his claim for discriminatory harassment, he must also prove that his workplace was such a degree so severe or pervasion that it altered the conditions of his employment and created a working environment that was permeated with discriminatory ridicule, insult, abuse or offense.

Isolated comments or incidents will not create a hostile work environment.  I will also instruct you later that mere offensive utterances, tribulations, or petty indignities do not create a hostile work environment.

## AUTHORITY:

Harris v. Forklift Sys., Inc., 510 U.S. 17, 23 (1993); Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 69, 106 S. Ct. 2399, 2406 (1986); Petrosino v. Bell Atl., 385 F.3d 210, 223 (2d Cir. 2004); Williams v. County of Westchester, 171 F.3d 98, 100 (2d Cir. 1999) (per curium); Babcock v. Frank, 783 F. Supp. 800, 808 (S.D.N.Y. 1992).

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 7 - INCIVILITY NOT ACTIONABLE**

The anti-discrimination statute that Plaintiff claims were violated, are not intended to create a "general civility code" for the workplace. "Mere instances of incivility do not meet the 'demanding' test for finding workplace hostility required to constitute a violation under Title VII." "Simple teasing, offhand comments, and isolated incidents (unless they are extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" and, for that reason thus do not constitute discriminatory harassment. If you find that Plaintiff's fellow co-workers no more than simply teasing, offhand comments, and isolated incidents, you must find for Starwood on Plaintiff's claims of discriminatory harassment.

**AUTHORITY:**
Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 80, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998) ("Title VII is not a general civility code."); Clark County School District v. Breeden, 121 S. Ct. 1508, 1509 (2001); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Lewis v. City of Buffalo Police Dept., 311 Fed Appx. 417, (2d Cir. 2009) (Female police officer failed to show that she was subjected to a sexually hostile work environment where her evidence showed at most that her supervisor occasionally referred to her by vulgar or derogatory names; that conduct was merely unprofessional, and supervisor was disciplined for it when matter was called to department's attention); Wilson v. N.Y.P. Holdings, Inc. dba New York Post, 2009 WL 873206 (S.D.N.Y. March 31, 2009) ("mere offensive utterance[s]" do not meet "demanding" test under Title VII) Dawson v. Bumble & Bumble, 246 F.Supp.2d 301, 329 (S.D.N.Y.2003), aff'd, 398 F.3d 211 (2d Cir. 2005) ("[C]onduct founded on 'the ordinary tribulations of the workplace, such as the use of abusive language, gender-related jokes, and occasional teasing' is not actionable under the discrimination laws.") (citation omitted); Petrosino v. Bell Atlantic, 385 F.3d 210, 223 (2d Cir. 2004); Brennan v. Metropolitan Opera Ass'n, Inc., 192 F.3d 310,320-21 (2d. Cir. 1999)(comments); Ford v. New York City Dept. of Health and Mental Hygiene, 545 F. Supp. 2d. 377, 389-90 (S.D.N.Y. 2008) (coworkers' alleged looks and abusive comments such as "fat fish", "stupid fish", "dyke", and "faggot" were insufficient to give rise to an inference of gender discrimination under Title VII); Holmes v. Long Island R.R. Co., 2001 WL 797951 (E.D.N.Y., June 4, 2001) (quoting Clark County School District v. Breeden, 121 S. Ct. 1508, 1509 (2001)) ("Mere instances of incivility do not meet the "demanding" test for finding workplace hostility required to constitute a violation under Title VII...Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment" and thus do not constitute discriminatory harassment.")

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____

UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 8 - HORSEPLAY IS NOT ENOUGH TO STATE A DISCRIMINATORY HARASSMENT CLAIM**

I want to caution you that horseplay, as sometimes occurs among workers, or the ordinary tribulations or difficulties that people with other people at work is not sufficiently severe or pervasive to constitute discriminatory harassment that violates anti-discriminatory statutes.

If you find that the physical incidents Plaintiff complains of are no more than horseplay, you must not consider these as unlawful discriminatory acts.  If you find that the verbal behavior Plaintiff experienced is nothing more than ordinary tribulations or the workplace, then you must not consider those incidents to be unlawful discriminatory acts.

If you find that the verbal behavior Plaintiff experienced is nothing more.

**AUTHORITY:**
Dawson v. Bumble & Bumble, 246 F.Supp.2d 301, 329 (S.D.N.Y.2003), aff'd, 398 F.3d 211 (2d Cir.2005) ("[C]onduct founded on 'the ordinary tribulations of the workplace, such as the use of abusive language, gender-related jokes, and occasional teasing' is not actionable under the discrimination laws.") (citation omitted); Campos v. BASF Catalysts, LLC, 2009 WL 1616378 (S.D.N.Y., May 19, 2009) ("Plaintiff's allegations amount to no more than an isolated instance of horseplay, which does not rise to the level of a Title VII violation."); Feliciano v. Alpha Sector, Inc., 2002 WL 1492139 (S.D.N.Y., July 12, 2002) ("[Title VII] forbids only behavior so objectively offensive as to alter the "conditions" of the victim's employment. [...] We have always regarded that requirement as crucial, and as sufficient to ensure that courts and juries do not mistake ordinary socializing in the workplace-such as male-on-male horseplay or intersexual flirtation-for discriminatory 'conditions of employment.'").

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 9 - SOCIAL CONTEXT OF WORKPLACE
## MUST BE CONSIDERED

When considering whether Plaintiff's work environment constituted a hostile work environment on the basis of his race/color, national origin, or disability, you must consider the social context of the environment.

In some workplaces, employees use more vulgar or offensive language than others. In those social settings vulgar or crude language may not be in itself discriminatory harassment even if it occurs more frequently then you are used to in your workplace or other social settings.

## AUTHORITY:
Alfano v. Costello, 294 F.3d 365, 377 (2d Cir. 2002) ("[e]veryone can be characterized by sex, race, ethnicity, or (real or perceived) disability . . . . It is therefore important in hostile work environment cases to exclude from consideration [acts] that lack a linkage or correlation to the claimed grounds of discrimination."); Brown v. Henderson (2d Cir.2001) 257 F.3d 246, 250, 256 (finding coworkers' steady stream of obscene conversation and vile talk, posting of sexual pictures, and drawing of a vulgar picture, did not constitute discriminatory harassment sex); Osorio v. Source Enterprises, Inc., 2006 WL 2548425 (September 5, 2006) (finding trier of fact must consider "the social context" in which the behavior occurs) (citing Oncale v. Sundowner Offshore Servs., 523 U.S. 75, 81-82 (1998); Harris v. Forklift Sys., 510 U.S. 17, 23 (1993)); Salvatore v. KLM Royal Dutch Airlines, 1999 WL 796172 (S.D.N.Y. September 30, 1999) (finding court must consider "the social context in which particular behavior occurs and is experienced by its target.") (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998, 1003 (1998)).


GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 10 - STATE AND CITY LAW HARASSMENT CLAIMS

In this case, Plaintiff has made claims of a hostile work environment under both federal anti-discrimination law, New York State Human Rights Law, and the New York City Human Rights Law.

Under the New York State law, Starwood cannot be liable for the discriminatory harassment "unless [Starwood] became a party to that conduct by encouraging, condoning, or approving it." If you find that management of the Westin Hotel responded as best they could to determine whether unlawful harassment occurred in light of what Plaintiff told them or others told them, then you must find that the Defendant did not encourage or condone the behavior.

Even if you the use of slurs and insults is by a supervisor, if it is without the knowledge or acquiescence of the management, it does not constitute an unlawful discriminatory practice actionable under the State Human Rights law.

The New York City Human Rights law is construed more broadly than federal or state laws. Nevertheless, Defendant does not have liability under the City law if it proves that the conduct complained of was nothing more than what a reasonable person would regard as petty slights and inconveniences.

**AUTHORITY:**
Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 310-12, 786 N.Y.S.2d 382, 394-95 (2004); accord DeWitt v. Lieberman, 48 F. Supp. 2d 280, 293-94 (S.D.N.Y. 1999) (applying state law); Wilson v. N.Y.P. Holdings, Inc., 2009 WL 873206, at *29 (S.D.N.Y. Mar. 29, 2009) (NYCHRL).

GIVEN AS REQUESTED _____

GIVEN MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 11 – MULTIPLE INCIDENTS;
DO NOT CONSIDER EVIDENCE OUTSIDE THE SCOPE OF THE PENDING CLAIMS**

I have already told you, that for purposes of the anti-discrimination law that you are being asked
to apply, the conduct called "harassment" must have a particular motive. You might find that
some of the instances of which Plaintiffs complains, even if they occurred, were not motivated
by considerations of Plaintiff's race, color, national origin or disability. You might also find that
some of the instances of which Plaintiff complains were directed towards him by the individual
involved because of Plaintiff's race, color, national origin or disability. In deciding whether or
not Plaintiff has stated a claim for hostile work environment under the anti-discrimination laws,
you may consider only those instances of harassing or offensive behavior that you find were
directed at Plaintiff, wholly or in part, because of his race, color, national origin or disability.

**AUTHORITY:**
Oncale v. Sundowner Offshore Svcs., 523 U.S. 75, 79-81, 118 S. Ct. 998, 1002 (1998) (holding
conduct at issue must be "because of" protected class at issue); Alfano v. Costello, 294 F.3d 365,
377 (2d Cir. 2002) ("[e]veryone can be characterized by sex, race, ethnicity, or (real or
perceived) disability . . . . It is therefore important in hostile work environment cases to exclude
from consideration [acts] that lack a linkage or correlation to the claimed grounds of
discrimination.").

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 12 – EMPLOYER'S LIMITED LIABILITY FOR PREVENTING CO-WORKER DISCRIMINATORY HARASSMENT

When considering whether Plaintiff gave the Westin Hotel sufficient notice of allegedly harassing acts, you must consider what information he actually provided, how much he helped in the investigatory process, and whether he interfered with that process by failing to provide information completely and in a timely manner. For the Defendant to be liability for co-worker discriminatory harassment, it requires, as one element, for the plaintiff to allege and prove that the employer had actual or constructive knowledge of discriminatory harassment and failed to take prompt and effective remedial action. If you find that Plaintiff has not proved this, then you must find for The Defendant on the issue on co-worker harassment. Moreover, even if the harassing behavior persists, the employer can avoid liability if it has taken remedial action appropriate to the information it had at the time. Starwood is only liable for discriminatory harassment about which it actually knew and failed to take prompt and effective remedial action to prevent.

## AUTHORITY:

Rios v. Buffalo and Fort Erie Public Bridge Authority, 326 Fed Appx. 612, 2009 WL 1269548 (2d Cir. May 8, 2009) (Public bridge authority responded to employee's complaints of gender- and ethnicity-based discriminatory harassment by her coworkers with reasonable remedial measures, and therefore objectionable conduct could not be imputed to authority to establish employee's claim of hostile work environment under Title VII; authority's efforts included conducting investigations, issuing memoranda to employees, modifying employee's locker, removing graffiti, and posting notices reminding employees of authority's ban on pornographic materials); McNally v. Posteriori Corp., 2005 WL 2136948 (2d Cir. Sept. 6, 2005) (Court of Appeal held that there was no basis for imputing allegedly harassing coworker's conduct to employer, which had taken prompt action reasonably calculated to prevent further discriminatory harassment); Bolick v. Alea Group Holdings, Ltd., 202 Fed. Appx. 474 (2d. Cir. 2006) (Former employer took reasonable steps to prevent or correct supervisor's sexually harassing behavior which employee failed to take advantage of, and thus employer was not vicariously liable for hostile work environment under Title VII, where it responded to employee's complaint of discriminatory harassment by insuring that employee would not be asked to travel with supervisor, employee failed to express dissatisfaction with anything except traveling with supervisor, and employee failed to inform employer about allegedly continuing discriminatory harassment for 13 months); Finnerty v. William H. Sadlier, Inc., 176 Fed.Appx. 158, 2006 WL 910399 (2d Cir. April 7, 2006) (finding former employee who waited three years to inform employer of her supervisor's sexual discriminatory harassment unreasonably failed to take advantage of preventive or corrective opportunities provided by employer or to otherwise avoid harm, entitling employer to Faragher/Ellerth affirmative defense in Title VII employment discrimination action, notwithstanding her subjective fear of reprisals.); Petrosino v. Bell Atlantic, 385 F.3d 210, 255 (2d Cir. 2004) (plaintiff must show employer knew or reasonably should have known about the discriminatory harassment and failed to take reasonable remedial action); Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001); Van Alstyne v. Ackerley Group, Inc., 8 Fed. Appx. 147 (2d Cir. 2001)(employer was not liable even if supervisor's romantic advances towards employee produced a hostile work environment, as the employer

took immediate and effective corrective action when employee complained; employee did not complain for several months though she aware that employer had fired a former manager for sexual discriminatory harassment, when she first broached the subject, she reported only that her boss wanted to have a personal relationship, a meeting was set up at which she first reported the details, and supervisor never again approached her with any kind of attempt to engage in a personal relationship); Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000) (When the source of alleged sexual discriminatory harassment is a co-worker, an employee, to prevail on a Title VII claim, must demonstrate that the employer failed to provide a reasonable avenue for complaint or if it knew, or in the exercise of reasonable care should have known, about the discriminatory harassment yet failed to take appropriate remedial action; Caridad v. Metro-North Commuter R.R., 191 F.3d 283 (2d. Cir 1999)(Employee unreasonably failed to take advantage of preventive and corrective opportunities provided by employer, and employer thus was not liable for supervisor's alleged sexual discriminatory harassment of employee; employee's reasons for not complaining were not based on credible fear that her complaint would not be taken seriously or that she would suffer some adverse action); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 766 (2d Cir. 1998) ("We agree with the district court that Quinn has failed to adduce evidence tending to show that Green Tree either failed to provide a reasonable complaint procedure or that it knew of her discriminatory harassment (either by co-workers or customers) and failed to take any action. Accordingly, we find that the court properly declined to consider allegations regarding the conduct of Quinn's coworkers or of Green Tree's customers.") (citation and internal quotation marks omitted), abrogated on unrelated grounds, National Passenger R.R. Corp. v. Morgan, 536 U.S. 101 (2002), Tomka, 66 F.3d 1295, 1305 (2d Cir. 1995) (When a "co-employee"-as distinct from a supervisor-is alleged to have engaged in harassing activity, the "employer will generally not be liable unless the employer either provided no reasonable avenue of complaint or knew of the discriminatory harassment but did nothing about it."); Minton v. Lenox Hill Hosp., 160 F. Supp.2d 687, 697 (S.D.N.Y. 2001).


GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 13 - EMPLOYEE MAY NOT FAIL TO INFORM EMPLOYER OF DISCRIMINATORY HARASSMENT UNLESS EMPLOYEE CAN DEMONSTRATE CREDIBLE FEAR OF REPRISAL**

When considering whether Plaintiff gave Starwood sufficient notice of allegedly discriminatory harassing acts and fully participated in the investigatory process, you must consider what information he actually provided, his degree of participation in the investigatory process, and his failure to provide information completely and timely. Plaintiff is required to inform the employer of discriminatory harassment if he wants to be protected from it. Generalized fears of reprisal or a belief that his complaint would not be taken seriously does not excuse his failure to inform the Westin of his concerns.

**AUTHORITY:**
Ferraro v. Kellwood Co., 440 F.3d 96 (2d Cir. 2006) (plaintiff's failure to show company "ignored or resisted" complaints against employer similar to the one sued upon by plaintiff and no showing of reason for failure of employee to avail herself of company's complaint procedure meant company carried its burden of persuasion on the second element of the Faragher/Ellerth affirmative defense as a matter of law); Finnerty v. William H. Sadlier, Inc., 176 Fed. Appx. 158 (2d Cir. April 7, 2006) (Former employee who waited three years to inform employer of her supervisor's sexual discriminatory harassment unreasonably failed to take advantage of preventive or corrective opportunities provided by employer or to otherwise avoid harm, entitling employer to Faragher/Ellerth affirmative defense in Title VII employment discrimination action, notwithstanding alleged subjective fear of reprisals); Leopold v. Baccarat, Inc., 239 F.3d 243, 245 (2d Cir. 2001); Howley v. Town of Stratford, 217 F.3d 141 (2d Cir. 2000) (When the source of alleged sexual discriminatory harassment is a co-worker, an employee, to prevail on a Title VII claim, must demonstrate that the employer failed to provide a reasonable avenue for complaint or if it knew, or in the exercise of reasonable care should have known, about the discriminatory harassment yet failed to take appropriate remedial action); Caridad v. Metro-North Commuter R.R., 191 F.3d 283 (2d. Cir 1999)(Employee unreasonably failed to take advantage of preventive and corrective opportunities provided by employer, and employer thus was not liable for supervisor's alleged sexual discriminatory harassment of employee; employee's reasons for not complaining were not based on credible fear that her complaint would not be taken seriously or that she would suffer some adverse action).

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 14 - FARAGHER AFFIRMATIVE DEFENSE**

In the event that you find that Plaintiff was subjected to a hostile work environment on the basis of one of the protected categories he claims caused the discriminatory harassment, Defendant Starwood can only be found liable under Title VII of the Civil Rights Act of 1964, The State Human Rights Law, and the City Human Rights Law if you find that the harassing conduct on the basis of the protected category should be imputed to Starwood. In assessing this you must consider whether Starwood has proven, by a preponderance of the evidence, that: (i) Starwood exercised reasonable care to prevent and promptly correct any alleged harassing behavior of which it became aware; and (ii) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Starwood to prevent or correct the discriminatory harassment. This goes to each form of claimed discriminatory harassment on the basis of race/color, national origin, and disability. If you answer "yes" to these two questions you must find that Starwood is not liable for the alleged discriminatory harassment towards Mr. Mendez.

I will now provide with further detail to assist you in answering these questions below.

**AUTHORITY:**
Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 15 - FARAGHER AFFIRMATIVE DEFENSE - PART ONE**

In determining whether Starwood exercised reasonable care to prevent and promptly corrected any discriminatory harassing behavior against Mr. Mendez due to his race, color, national origin, or alleged disability, it is important to consider whether Starwood had a published anti-discriminatory harassment policy, with a complaint procedure, and took other steps to prevent discriminatory harassment, such as providing anti-discriminatory harassment training to its employees. In addition, you should consider whether Starwood acted promptly upon receipt of Plaintiff's complaint in a manner reasonably calculated to ensure that the complained of behavior would not recur.

**AUTHORITY:**

Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998); Faragher v. City of Boca Raton 524 U.S. 775, 807, 118 S. Ct. 2275, 2293; Val Alstyn v. Ackerley Group, No. 00-9340, 2001 U.S. App. LEXIS 21957 (2d Cir. Oct. 23, 2003); Leopold v. Baccarat, Inc., 239 F.3d 243 (2d Cir. 2001); Bennett v. Progressive Corp., 225 F. Supp. 2d 190, 206 (N.D.N.Y. 2002); Hill v. The Children's Village, 196 F. Supp. 2d 389, 398 (S.D.N.Y. 2002); Holmes v. Long Island R.R., No. 96-6196, 2001 U.S. Dist. LEXIS 10431, at *14 (E.D.N.Y. 2001).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 16 - FARAGHER AFFIRMATIVE DEFENSE - PART TWO**

An employee has an obligation to avoid harm by reporting alleged discriminatory harassment to company management and giving management the opportunity to prevent it from further occurring or to correct it. In determining whether Plaintiff unreasonably failed to take advantage of Starwood's internal complaint procedure and, thus, avoid harm, you may consider the reasons for Plaintiff's actions. For example, a person unreasonably fails to take advantage of an internal complaint procedure when he chooses not to use it solely because he believes, without reasonable basis, that he would be subjected to an adverse employment action as a result of submitting a complaint. Also, if Plaintiff failed to participate in the investigatory process or provide information on the alleged discriminatory harassment, you must consider this.

Thus, if you find that Starwood has demonstrated that it had a workplace discriminatory harassment policy and complaint procedure that was available to Plaintiff, and that Plaintiff unreasonably failed to take advantage of that policy and procedure by taking sufficient steps to report the alleged discriminatory harassment and participate fully in the investigatory process, on each of the basis he is claiming discriminatory harassment occurred, Starwood cannot be found liable under Title VII for a hostile work environment both with respect to the discriminatory harassment. This goes for each of the basis on which he is claiming hostile work environment discriminatory harassment – race/color, national origin, and disability.

**AUTHORITY:**
Burlington Indus. v. Ellerth, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998); Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998); Leopold v. Baccarat Inc., 239 F.3d 243, 246 (2d Cir. 2001); Brewster v. City of Poughkeepsie, 447 F. Supp. 2d 342, 352 (S.D.N.Y. 2006); Finnerty v. William H. Sadlier, Inc., 176 Fed. Appx. 158 (S.D.N.Y. April 7, 2006); Citroner v. Progressive Casualty Ins. Co., 208 F. Supp. 2d 328 (E.D.N.Y. 2002); Alonzo v. Chase Manhattan Bank, 70 F. Supp. 2d 395 (S.D.N.Y. 1999).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 17 - PRIMA FACIE
## CASE OF RETALIATION

For Plaintiff to establish his claim that he was retaliated against for complaining about alleged discriminatory harassment and asserting his rights under the anti-discriminatory harassment laws, Plaintiff must prove the following:

First, Plaintiff must prove that he was engaged in a protected activity by complaining about the discriminatory harassment.

Second, Plaintiff must prove that Defendant Starwood was aware of Plaintiff's protected activity.

Third, Plaintiff must prove that he was subjected to a materially adverse action.

Fourth, Plaintiff must prove that there existed a causal connection between the protected activity and the materially adverse action.

If Plaintiff has not proven any of the above elements, you must find in favor of Starwood on Plaintiffs retaliation claim.

I will now provide you with further detail regarding these elements to assist you in your deliberations.

### AUTHORITY:
Burlington N. & S.F. Ry. Co. v. White, 126 S.Ct. 2405, 126 S.Ct. 2405 (2006); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590 (2d Cir. 1988).

GIVEN AS REQUESTED_____ _____
GIVEN MODIFIED_____ _____
REFUSED_____ _____
WITHDRAWN_____ _____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 18 - MATERIALLY ADVERSE EMPLOYMENT ACTION**

To establish his retaliation claim, Plaintiff must prove that the challenged actions, i.e., allegedly following him to the restroom, withdrawing an accommodation, transferring him to an overnight shift, and allegedly causing co-workers to contradict his story, were each actually established by the evidence and would dissuade a reasonable person from making a claim of discriminatory harassment.   If you do not find these facts, then you must find for Defendant Starwood on the retaliation claim.


**AUTHORITY:**
Burlington Northern & Santa Fe Ry. v. White, 126 S. Ct. 2405, 2409 (2006); Joseph v. Leavitt, 465 F.3d 87, 90 (2d Cir. 2006).



GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 19 - CAUSAL CONNECTION

In order to meet his burden of proving that in response to his complaint of discriminatory harassment, Starwood retaliated against him (by allegedly following him to the restroom, withdrawing an accommodation, transferring him to an overnight shift, and allegedly causing co-workers to contradict his story) he must show a connection between his complaint and the foregoing actions. Plaintiff must prove that, but for his complaints, the above actions would not have occurred.

Plaintiff must prove that Starwood would not have taken the above actions if he did not complain about the allegedly harassing conduct.

Moreover, it is not enough to establish merely a closeness in time between Mr. Mendez's complaint and the above actions. In other words, Plaintiff cannot establish that his complaint of discriminatory harassment prompted Starwood's decisions relating to the foregoing actions simply by pointing out that such events occurred shortly after he complained.

### AUTHORITY:
Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995); Manoharan v. Columbia Univ. College of Physicians & Surgeons, 842 F.2d 590 (2d Cir. 1988); Yaba v. Roosevelt, 961 F. Supp. 611 (S.D.N.Y. 1997); Wayne v. Principi, No. 01 Civ. 941 (GWG), 2004 U.S. Dist. LEXIS 3141, at *38 (S.D.N.Y. Mar. 3, 2004); Alban-Davies v. Credit Lyonnais Sec. (USA) Inc., No. 00 Civ. 6150 (DLC), 2002 U.S. Dist. LEXIS 5261, at *26 (S.D.N.Y. Mar. 29, 2002); Griffin v. Ambika Corp., 103 F. Supp. 2d 297, 313 (S.D.N.Y. 2000); Philippeaux v. Fashion Inst. of Technology, No. 93 Civ. 4438 (SAS), 1996 U.S. Dist. LEXIS 4397, at *16 (S.D.N.Y. Apr. 9, 1996); Padob v. Entex Info. Serv., 960 F. Supp. 806 (S.D.N.Y. 1997); Edwards v. Interboro Inst., 840 F. Supp. 222 (E.D.N.Y. 1994).


GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 20 - JURORS CANNOT JUDGE WHETHER STARWOOD'S ACTIONS WERE RIGHT OR WRONG

You must remember that the issue you are to decide is whether retaliation was a determining factor in Defendant's decisions regarding the complained-of acts. The issue is not whether Defendant's reasons for the actions it took with respect to Plaintiffs employment were based on good cause or sound management decisions. You are not to judge whether Defendant's decisions were right or wrong from a business standpoint. You may not substitute your opinion for that of Defendant's. Rather, you are only to decide whether retaliation was a determining factor underlying disagree with Defendant's actions, only whether retaliation was a determining factor in the challenged decisions.

**AUTHORITY:**
Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978); Montana v. First Fed. Savings & Loan Ass'n, 869 F.2d 100 (2d Cir. 1989); Davidson v. Time, Inc., 972 F. Supp. 148 (E.D.N.Y. 1997); Sand, Instr. 88-50; O'Malley §§ 171.42.


GIVEN AS REQUESTED_____.
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

### PROPOSED JURY INSTRUCTION NO. 21 - DEFENDANT'S LEGITIMATE BUSINESS REASON FOR ITS DECISIONS REGARDING PLAINTIFF

Defendant Starwood denies that any decisions concerning accommodating him or his work schedule were retaliatory.  Instead, Defendant states that these actions were taken for legitimate, non-retaliatory business reasons.

As you consider this, remember that Defendant need not persuade you by a preponderance of the evidence that this was, in fact, the reason it treated Plaintiff as it did. The burden of proof rests with Plaintiff, not Defendant.


**AUTHORITY:**
St. Mary's Honor Cntr. v. Hicks, 509 U.S. 502 (1993); Tomka v. Seiler Corp., 66 F.3d 1295 (2d Cir. 1995); Yaba v. Roosevelt, 961 F. Supp. 611 (S.D.N.Y. 1997).



GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 22 - PRETEXT

In considering Defendant's reasons for its decisions concerning Mr. Mendez's schedule and accommodation, it is not enough for Plaintiff to persuade you that Defendant had simply another motive for treating him as it did or that Defendant's reasons are not true. In order to prevail, Plaintiff must persuade you that Starwood is covering-up a retaliatory motive; that is, Plaintiff must persuade you that his complaint of discriminatory harassment led to the foregoing decisions.


**AUTHORITY:**
St. Mary's Honor Cntr. v. Hicks, 509 U.S. 502, 511 (1993).


GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 23 - GOOD FAITH EFFORT TO MAKE REASONABLE ACCOMMODATION ABSOLVES DEFENDANT

If you determine that Starwood made good faith efforts, in consultation with Mr. Moises, to identify and make some form of reasonable accommodation that would provide him with an equal opportunity at his employment without causing an undue hardship to Starwood, and provide him one of those forms of accommodation, you must find that Starwood met its legal obligations to reasonably accommodate Mr. Moises and find for Starwood on this claim.

**AUTHORITY:**
Monterroso v. Sullivan & Cromwell, LLP, 591 F.Supp.2d 567, 579 (S.D.N.Y. 2008); McNamara v. Tourneau, Inc., 496 F.Supp.2d 366, 377 (S.D.N.Y. Jul 30, 2007) (NO. 05 CIV.7804 DC)Witchard v. Montefiore Medical Center, 2009 WL 602884, *17 (S.D.N.Y. Mar 09, 2009) (NO. 05 CIV. 5957 (JSR)); Thompson v. City of New York, 2002 WL 31760219, *7, (S.D.N.Y. Dec 09, 2002) (NO. 98 CIV. 4725 (GBD)); Economou v. Caldera, 2000 WL 1844773, *24 (S.D.N.Y. Dec 18, 2000) (NO. 99 CIV. 12117 AJP); Krinsky v. Abrams, 2007 WL 1541369, *13, (E.D.N.Y. May 25, 2007); Beck v. University of Wisconsin Bd. Of Regents, 75 F.3d 1130, 1135 (7th Cir. 1996).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 24 - STARWOOD IS NOT REQUIRED TO VIOLATE THE TERMS OF THE UNION CONTRACT TO ACCOMMODATE MENDEZ UNDER THE ADA

If you determine that Defendant Starwood was not able to provide Plaintiff Mr. Moises one of the accommodation he sought because the accommodation that would require Starwood to violate the terms of the union contract in place, you must find that Starwood is not liable for not providing that accommodation.

### AUTHORITY:
Winfrey v. City of Chicago, 259 F.3d 610, 618 (7th Cir. 2001); EEOC v. Sara Lee Corp., 237 F.3d 249, 251-54 (4th Cir. 2001) (ADA does not override seniority system and does not require accommodations trampling on the rights of other employees); Davis v. Florida Power & Light Co., 205 F.3d 1301, 1306-07 (11th Cir. 2000) (employer not required to relieve employee of overtime required by union contract); Kralik v. Durbin, 130 F.3d 76, 81-82 (3d. Cri. 1997) (same); Eckles v. Consolidated Rail Corp., 94 F.3d 1041, 1045-46 (7th Cir. 1996), cert. denied, 520 U.S. 1146 (1997); Willis v. Pacific Maritime Ass'n, 236 F.3d 1160, 1163-64 (9th Cir. 2001).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 25 - PLAINTIFF CANNOT TERMINATE OR FAIL TO PARTICIPATE IN INTERACTIVE PROCESS**

Both parties have a responsibility to make good faith efforts to engage in the interactive process to determine some form of reasonable accommodation without causing an undue hardship to Starwood.  If you find that the interactive process broke down because of Mr. Moises' failure to engage in or continue the interactive process, you must find for Starwood on his claims of failure to reasonably accommodate him.


**AUTHORITY:**

Monterroso v. Sullivan & Cromwell, LLP, 591 F.Supp.2d 567, 579 (S.D.N.Y.  2008); McNamara v. Tourneau, Inc., 496 F.Supp.2d 366, 377 (S.D.N.Y. Jul 30, 2007) (NO. 05 CIV.7804 DC)Witchard v. Montefiore Medical Center, 2009 WL 602884, *17 (S.D.N.Y. Mar 09, 2009) (NO. 05 CIV. 5957 (JSR)); Thompson v. City of New York, 2002 WL 31760219, *7, (S.D.N.Y. Dec 09, 2002) (NO. 98 CIV. 4725 (GBD)); Economou v. Caldera, 2000 WL 1844773, *24 (S.D.N.Y. Dec 18, 2000) (NO. 99 CIV. 12117 AJP); Krinsky v. Abrams, Beck v. University of Wisconsin Bd. Of Regents, 75 F.3d 1130, 1135 (7th Cir. 1996).


GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____


_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 26 - PLAINTIFF NOT ENTITLED TO REQUIRE A PARTICULAR REASONABLE ACCOMMODATION**

Mr. Moises is not entitled to require a particular reasonable accommodation be made or be by Starwood selected among several possible accommodations. Starwood is not required to provide Moises with every accommodation he desires. If you find Starwood made available some form of reasonable accommodation without causing an undue hardship to Starwood, you must find that Starwood met its legal obligations to reasonably accommodate Mr. Moises and find for Starwood on this claim.

**AUTHORITY:**

Fink v. N.Y. City Dep't. of Personnel, 53 F.3d 565, 567 (2d Cir. 1995); Witchard v. Montefiore Medical Center, 2009 WL 602884 at *16 (S.D.N.Y. March 09, 2009); Ruhling v. Tribune Co., 2007 WL 28283, at *15 (E.D.N.Y. Jan. 3, 2007) ("the choice as to which of several reasonable accommodations will be implemented is left to the sound discretion of the employer"); Thompson v. City of New York, 2006 WL 2457694 (S.D.N.Y. Aug. 10, 2006); Miranda v. Wisconsin Power & Light Co., 91 F.3d 1011, 1016-17 (7th Cir. 1996); Hankins v. The Gap, Inc., 84 F.3d 797 (6th Cir. 1996) (holding employer's refusal to accept available reasonable accommodations precluded her from arguing that other accommodations should have been provided); Gile v. United Airlines, 95 F.3d 492 (7th Cir. 1996) (employer not required to create vacancy so as to be able to reassign disabled employee).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____

UNITED STATES DISTRICT JUDGE

## PROPOSED JURY INSTRUCTION NO. 27 - NO DOUBLE RECOVERY

If you determine that Starwood is liable for more than one of Plaintiff's claims for hostile work environment, retaliation, or failure to accommodate a disability, you may, but are not required to, award Plaintiff damages.

If you decide to award damages in this case on any claim, you should not award additional damages simply because you find that Defendant Starwood is liable under more than one type of law (meaning federal, state, and/or city law) or more than type of one claim (meaning more than one type of alleged discriminatory harassment and/or retaliation).  You should award only such damages as you believe will make Mr. Mendez whole overall.  That is compensate him for any injury you find he suffered overall.  You should not simply multiply the amount of damages you award by the number of the types of laws you believe were violated.

**AUTHORITY:**
E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 297 (2002) ("[I]t 'goes without saying that the courts can and should preclude double recovery by an individual.'") (quoting General Tel. Co. of the Northwest, Inc. v. Equal Employment Opportunity Commission, 446 U.S. 318, 333 (1980)).

GIVEN AS REQUESTED_____
GIVEN MODIFIED_____
REFUSED_____
WITHDRAWN_____

_____
UNITED STATES DISTRICT JUDGE

**PROPOSED JURY INSTRUCTION NO. 28 - GOOD FAITH EFFORT TO MAKE REASONABLE ACCOMMODATION, NO COMPENSATORY OF OR PUNITIVE DAMAGES**

If you determine that Defendant Starwood made good faith efforts, in consultation with Mr. Moises, to identify and make some form of reasonable accommodation that would provide him with an equal opportunity at his employment without causing an undue hardship to Starwood, you cannot award compensatory and punitive damages against Starwood on Mr. Moises' claim of failure to reasonably accommodate him.

**AUTHORITY:**

Monterroso v. Sullivan & Cromwell, LLP, 591 F.Supp.2d 567, 579 (S.D.N.Y. 2008); McNamara v. Tourneau, Inc., 496 F.Supp.2d 366, 377 (S.D.N.Y. Jul 30, 2007) (NO. 05 CIV.7804 DC)Witchard v. Montefiore Medical Center, 2009 WL 602884, *17 (S.D.N.Y. Mar 09, 2009) (NO. 05 CIV. 5957 (JSR)); Thompson v. City of New York, 2002 WL 31760219, *7, (S.D.N.Y. Dec 09, 2002) (NO. 98 CIV. 4725 (GBD)); Economou v. Caldera, 2000 WL 1844773, *24 (S.D.N.Y. Dec 18, 2000) (NO. 99 CIV. 12117 AJP); Krinsky v. Abrams, 2007 WL 1541369, *13, (E.D.N.Y. May 25, 2007); Rehling v. City of Chicago, 207 F.3d 1009, 1015-16 (7th Cir. 2000); Fjellestad v. Pizza Hut of America, 188 F.3d 944, 952 (8th Cir. 1999) (no separate claim for failure to engage in interactive process).

GIVEN AS REQUESTED_____

GIVEN MODIFIED_____

REFUSED_____

WITHDRAWN_____

_____

UNITED STATES DISTRICT JUDGE

Respectfully submitted,

Date:   New York, New York
        September 25, 2009

_____
Michael Starr, Esq.
Loren L. Forrest, Jr.


HOLLAND & KNIGHT LLP
195 Broadway
New York, NY  10007
Tel. (212) 513-3200
Fax. (212) 385-9010
michael.starr@hklaw.com
loren.forrest@hklaw.com

# 8862637_v1