**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
MOISES MENDEZ,                          :
                                        :
                        Plaintiff,      :        08 Civ. 4967 (CM)(KNF)
                                        :
            v.                          :
                                        :        __JOINT PRETRIAL ORDER__
STARWOOD HOTELS & RESORTS               :
WORLDWIDE, INC.                         :
                                        :
                        Defendant.      :
-------------------------------------------------------------- x

     The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I.    __NATURE OF THE CASE__

     **Plaintiff's Statement**.  This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices and conduct against Plaintiff Moises Mendez, including its discriminatory treatment, harassment and unlawful retaliation against Plaintiff due to his race and/or color (Hispanic), in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"); due to his race and/or color (Hispanic),  and/or national origin (Ecuadorian), in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); due to his disabilities (diabetes and diverticulitis), in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and due to his race and/or color (Hispanic), national origin (Ecuadorian) and/or disabilities (diabetes and diverticulitis), in violation of the New York State Human Rights Law, New York Executive Law §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York Administrative Code §§ 8-101 *et seq.* ("NYCHRL").

     Plaintiff seeks the following relief: (i) a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York, and the City of New York; (ii) an injunction and order permanently restraining Defendant from engaging in such unlawful conduct; (iii) an order directing Defendant to place Plaintiff in the position he would have occupied but for Defendants' unlawful, discriminatory and retaliatory treatment, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect his employment and personal life; (iv) an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, bonuses, compensation, benefits, job

security and all other benefits of employment; (v) an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering, other physical or mental injuries, and past and future medical costs; (vi) an award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment; (vii) an award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest; (viii) an award of punitive damages; (ix) an award of costs, including, but not limited to, all expert witness fess and expenses that Plaintiff has incurred in this action, as well as his reasonable attorneys' fees and expenses to the fullest extent permitted by law; and (x) such other and further relief as the Court may deem just and proper.

## II.   JURY/NON-JURY

Plaintiff has demanded a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure for all of the claims in this action.

**Plaintiff's Statement**.  Plaintiff estimates that he will require 5 full trial days for his case in chief, exclusive of cross-examination, any rebuttal, and any need to call witnesses employed by Defendant to authenticate trial exhibits to which Defendant has not stipulated authenticity.

**Defendant's Statement**.  Defendant estimates that it will require seven (7) full days of trial for its case in chief, exclusive of cross examination, any rebuttal, and any need to call witnesses where Plaintiff has not stipulated to authenticity of certain documents.

## III.   STIPULATED FACTS

None.

## IV.   PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

### A.   Plaintiff's Contentions

1.   Defendant has discriminated against Mr. Mendez in violation of Section 1981 by subjecting him to disparate treatment, harassment and a hostile work environment in the basis of his race and/or color (Hispanic).

       i.   <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska;

Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102; PX_103; PX_105.

2.  In addition, Defendant has discriminated against Mr. Mendez in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Mendez by his direct supervisors, and others, because of his race and/or color (Hispanic).

    i. <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102; PX_103; PX_105.

3.  Defendant has violated Section 1981 by subjecting Mr. Mendez to retaliation for complaints of, and opposition to, Defendant's discrimination and harassment.

    i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102-PX_105.

4.  As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

    i. <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

      ii. <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

5.      Defendant has discriminated against Mr. Mendez in violation of Title VII by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his race and/or color (Hispanic) and/or his national origin (Ecuadorian).

      i. <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

      ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102; PX_103; PX_105.

6.      In addition, Defendant has discriminated against Mr. Mendez in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Mendez by his direct supervisors, and others, because of his race and/or color (Hispanic) and/or his national origin (Ecuadorian).

      i. <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

      ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102; PX_103; PX_105.

7.      Defendant has violated Title VII by subjecting Mr. Mendez to retaliation for complaints of, and opposition to, Defendant's discrimination and harassment.

      i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

      ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102-PX_105.

8.      As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

      i.      <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

      ii.     <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

9.      Defendant has discriminated against Mr. Mendez in violation of the ADA by subjecting him to disparate treatment, harassment and a hostile work environment in the basis of his disabilities (diabetes and diverticulitis).

      i.      <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

      ii.     <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

10.     In addition, Defendant has discriminated against Mr. Mendez in violation of the ADA by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Mendez by his direct supervisors, and others, because of his disabilities (diabetes and diverticulitis).

      i.      <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

      ii.     <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

11.     Defendant has also violated its duty under the ADA to provide Mr. Mendez with a reasonable accommodation for his disabilities (diabetes and diverticulitis) when it denied Mr. Mendez's request for the reasonable accommodation identified by Mr. Mendez's treating physicians (modified work schedule), failed and refused to engage in discussion with Mr. Mendez

regarding his need for an accommodation, and/or failed and refused to engage in discussion with Mr. Mendez regarding the potential provision of alternative accommodations after repeatedly denying Mr. Mendez's request for the accommodation identified by Mr. Mendez's treating physicians.

    i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; Maria Lavides; Dr. Alexander Chun; and Dr. Louis R. Cerra.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

12.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

    i. <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

    ii. <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

13.    Defendant has discriminated against Mr. Mendez in violation of the New York State Human Rights Law by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his race and/or color (Hispanic), his national origin (Ecuadorian), and/or his disabilities (diabetes and diverticulitis).

    i. <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

14.    In addition, Defendant has discriminated against Mr. Mendez in violation of the New York State Human Rights Law by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive

harassment of Mr. Mendez by his direct supervisors, and others, because of his race and/or color (Hispanic), his national origin (Ecuadorian), and/or his disabilities (diabetes and diverticulitis).

    i. <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

15. Defendant has also violated its duty under the New York State Human Rights Law to provide Mr. Mendez with a reasonable accommodation for his disabilities (diabetes and diverticulitis) when it denied Mr. Mendez's request for the reasonable accommodation identified by Mr. Mendez's treating physicians, failed and refused to engage in discussion with Mr. Mendez regarding his need for an accommodation, and/or failed and refused to engage in discussion with Mr. Mendez regarding the potential provision of alternative accommodations after repeatedly denying Mr. Mendez's request for the accommodation identified by Mr. Mendez's treating physicians.

    i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; Maria Lavides; Dr. Alexander Chun; and Dr. Louis R. Cerra.

    ii. <u>Exhibits</u>: PX_1-PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

16. Defendant has violated the New York State Human Rights Law by subjecting Mr. Mendez to retaliation for complaints of, and opposition to, Defendant's discrimination, harassment and failure to accommodate.

    i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102-PX_105.

17. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence,

emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

>    i.   <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

>    ii.  <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

18.   Defendant has discriminated against Mr. Mendez in violation of the New York City Human Rights Law by subjecting him to disparate treatment, harassment and a hostile work environment on the basis of his race and/ or color (Hispanic), his national origin (Ecuadorian), and/or his disabilities (diabetes and diverticulitis).

>    i.   <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

>    ii.  <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

19.   In addition, Defendant has discriminated against Mr. Mendez in violation of the New York City Human Rights Law by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Mendez by his direct supervisors, and others, because of his race and/or color (Hispanic), his national origin (Ecuadorian), and/or his disabilities (diabetes and diverticulitis).

>    i.   <u>Testimony</u>:  Moises Mendez; Giovanni Toro; Jessica Ocasio; Lucy Ayala; Anna Liza Bay; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

>    ii.  <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102; PX_103; PX_105.

20.   Defendant has also violated its duty under the New York City Human Rights Law to provide Mr. Mendez with a reasonable accommodation for his disabilities (diabetes and diverticulitis) when it denied Mr. Mendez's request for the reasonable accommodation identified by Mr. Mendez's treating physicians, failed and refused to engage in discussion with Mr. Mendez

regarding his need for an accommodation, and/or failed and refused to engage in discussion with Mr. Mendez regarding the potential provision of alternative accommodations after repeatedly denying Mr. Mendez's request for the accommodation identified by Mr. Mendez's treating physicians.

    i. <u>Testimony</u>: Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; Maria Lavides; Dr. Alexander Chun; and Dr. Louis R. Cerra.

    ii. <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

21. Defendant has violated the New York City Human Rights Law by subjecting Mr. Mendez to retaliation for complaints of, and opposition to, Defendant's discrimination, harassment and failure to accommodate.

    i. <u>Testimony</u>:  Moises Mendez; Carlos Urrutia; Hazel Hazzard; Nancy Kiska; Frank Tujague; Lourdes Shapiro; Antonio Rotolo; and Maria Lavides.

    ii. <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX-30; PX_31; PX_33-PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_98; PX_102-PX_105.

22. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York City Human Rights Law, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

    i. <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

    ii. <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

23. Defendant has violated its duty as Mr. Mendez's employer to provide a safe workplace, to take reasonable steps to determine the fitness of Mr. Mendez's co-workers and supervisors and to reasonably supervise Mr. Mendez's co-workers and supervisors under New York common law by, <u>inter</u> <u>alia</u>, failing and refusing to investigate and/or take appropriate disciplinary or other action in response to Mr. Mendez's repeated verbal and written complaints of discriminatory and harassing conduct by his co-workers and/or supervisors on the basis of his race and/or color, his national origin, and/or his

disabilities, including but not limited to, death threats, threats of violence, acts of violence, and physical injury against Mr. Mendez by other employees of Defendant.  Defendant had actual knowledge of the undue risk of harm to which it was thereby exposing Mr. Mendez based on Mr. Mendez's repeated written and verbal complaints to his supervisors and Human Resources officials, as well as Mr. Mendez's filing of a police report, which Mr. Mendez provided to Defendant, in connection with a death threat made against Mr. Mendez by another employee of Defendant.

    i.  <u>Testimony</u>:  Moises Mendez; Hazel Hazzard; Nancy Kiska; Antonio Rotolo; Lourdes Shapiro; and Maria Lavides.

    ii.  <u>Exhibits</u>: PX_6-PX_11; PX_13-PX_17; PX_19; PX_21-PX_26; PX_28; PX_31; PX_34; PX_35; PX_37; PX_42-PX_46; PX_49-PX_58; PX_61; PX_63-PX_65; PX_67-PX_79; PX_81-PX_98; PX_102; PX_103; PX_105.

24.    As a direct and proximate result of Defendant's reckless and/or negligent breach of its duty to supervise, Mr. Mendez has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, physical injury, harm to his professional and personal reputations and loss of career fulfillment.

    i.  <u>Testimony</u>:  Moises Mendez; Dr. Alberto Goldwaser; Dr. Carlos Ortiz; Dr. Louis R. Cerra; Dr. Alexander Chun; and Dr. Domingo Nunez.

    ii.  <u>Exhibits</u>: PX_1- PX_4; PX_12; PX_18; PX_20; PX_27; PX_29; PX_32; PX_36; PX_38-PX_41; PX_48; PX_59; PX_99-PX_101.

25.    Defendant's unlawful, discriminatory and retaliatory conduct against Mr. Mendez was malicious, willful and wanton.

26.    Based on Defendant's unlawful, discriminatory, retaliatory, malicious, willful and wanton conduct against him, Mr. Mendez is entitled to the relief set forth in Section XI below.

**B.**    **Defendant's Contentions**

1.    Plaintiff, who voluntarily revealed his surgical scar to co-workers and referred to it as a "pussy," was not offended, nor would any similarly-situated reasonable person had been offended, when Antonio Rotolo referred to the scar as a "mangina" in response to Plaintiff's voluntarily displaying his scar and referring to it as a "pussy."  (Testimony of A. Rotolo, C. Blanco, T. Emannus; *See* DX 44 & DX 83).

2.  The unruly and vulgar comments directed toward Plaintiff by co-workers on the night shift were not so severe or pervasive as to alter the conditions of employment and were not directed at him because of his ethnicity, color, national origin or disability, but rather because they believed he had "snitched" on a co-worker for sleeping on job and because they generally disliked him on account of his personality, not his ethnicity, color, national origin or disability.  (Testimony of Plaintiff, F. Tujaque, N. Kiska, D. Carlo; *See* DX 7).

3.  The Human Resources department at the Westin hotel responded fully and appropriately to each and every instance when Plaintiff complained that he was being "harassed" by co-workers – either on the night shift or when he was reassigned to the day shift – but were unable to take corrective action due to Plaintiff's obstruction, lack of cooperation, failure to provide identifying specifics and general unwillingness to assist in the investigation of the matters of which he complained.  (Testimony of N. Kiska, D. Carlo, M. Lavides, L. Shapiro; See DX 8, DX 41, DX 42, DX 43, DX 44, DX 54).

4.  Plaintiff always received the proper pay for the hours he worked at the Westin and was allowed to work all amounts of proper overtime.   Any temporary errors in Plaintiff's pay for any particular week were occasional and due solely to Plaintiff's failure to follow appropriate time recording procedures.  Plaintiff's payments were timely and were promptly corrected as soon as they were brought to management's attention.  At no time was Plaintiff ever paid less than he was entitled to receive on account of his ethnicity, color, national origin or disability.

5.  Plaintiff was not denied a promotion to pastry chef because of his ethnicity, color, national origin or disability.  Each individual who was promoted to that position or hired into that position during Plaintiff's tenure as a baker was more qualified, and/or perceived by persons making the selection decision to be more qualified, than Plaintiff for the position at issue.  (Testimony of N. Kiska, J. Sheedy, D. Ribbens, F. Tujaque; *See* DX 87, DX 88).

6.  Executive Sous Chef Antonio Rotolo did not at any time during the period of Plaintiff's employment harass Plaintiff on the basis of his ethnicity, color, national origin or disability, or in any other way.  None of the statements or conduct of Mr. Rotolo that Plaintiff purports to be objectionable ever occurred, would be offensive to a reasonable person in Plaintiff's situation, and/or were not actually subjectively offensive to Plaintiff.   Moreover the statements or conduct that Plaintiff purports to be objectionable was not so severe or pervasive as to alter the conditions of Plaintiff's employment. (Testimony of N. Kiska, D. Ribbens, F. Tujaque, M. Lavides, L. Shapiro, H. Hazzard and A. Levin; *See* DX 1 – DX 88).

11

7.      Executive Chef Frank Tujaque did not at any time, during the period of
        Plaintiff's employment, harass Plaintiff on the basis of ethnicity, color,
        national origin or disability, or in any other way.  None of the statements or
        behaviors of Mr. Tujaque that Plaintiff purports to be objectionable would
        appear so to a reasonable person in Plaintiff's situation, were not actually
        subjectively offensive to Plaintiff, and/or were not so severe or pervasive as
        to alter the conditions of Plaintiff's employment.  (Testimony of N. Kiska, D.
        Ribbens, F. Tujaque, M. Lavides, L.Shapiro, H. Hazzard and A. Levin; *See* DX 1
        – DX 88).

8.      No supervisory or managerial employee of the Westin hotel, or anyone in its
        Human Resources Department, retaliated against Plaintiff at any time for
        allegations he made that he had been discriminated against or harassed on
        the basis of his ethnicity, color, national origin or disability.  Plaintiff never at
        any time had a good faith or reasonable belief that the actions about which he
        complained were, or could constitute, illegal discrimination or illegal
        discriminatory harassment on the basis of his ethnicity, color, national origin
        or race but were made, even if true, because he was oversensitive and
        distrustful.  (Testimony of N. Kiska, T. Mitusas).

9.      The request that plaintiff supply a stool sample was due to the requirements
        of the New York City Department of Health.   The request was not
        discriminatory, and was not based on his ethnicity, color, national origin or
        disability.  (Testimony of N. Kiska, J. Sheedy).

## V.   ISSUES TO BE TRIED

### A.   Plaintiff's Statement of Issues to be Tried

The following issues, as set forth in the Complaint, are to be tried:

Count 1:            Whether Defendant unlawfully discriminated against and/or
                    subjected Mr. Mendez to a hostile work environment in
                    violation of Section 1981.

Count 2:            Whether Defendant unlawfully retaliated against Mr. Mendez
                    in violation of Section 1981.

Count 3:            Whether Defendant unlawfully discriminated against and/or
                    subjected Mr. Mendez to a hostile work environment in
                    violation of Title VII.

Count 4:            Whether Defendant unlawfully retaliated against Mr. Mendez
                    in violation of Title VII.

Counts 5, 8 and 11:   Whether Defendant unlawfully discriminated against and/or failed to reasonably accommodate Mr. Mendez in violation of the ADA, the NYSHRL and/or NYCHRL.

Counts 6 and 9:   Whether Defendant unlawfully discriminated against and/or subjected Mr. Mendez to a hostile work environment in violation of the NYSHRL and/or NYCHRL.

Counts 7 and 10:   Whether Defendant unlawfully retaliated against Mr. Mendez in violation of the NYSHRL and/or NYCHRL.

Count 12:   Whether Defendant violated its duty under New York common law and was negligent and/or reckless in hiring, retaining and/or supervising Mr. Mendez's co-workers and supervisors.

Defendant has asserted no claims against Mr. Mendez.

## B.    **Defendant's Statement of Issues to be Tried**

Whether Plaintiff made any complaints to Starwood regarding hostile work environment under 1981. Whether the alleged hostile work environment was based on Plaintiff's race or color under Section 1981. Whether Starwood has an affirmative Faragher/Ellenerth Defense for any alleged co-worker harassment or any alleged hostile work environment. Whether the alleged hostile work environment was severe and pervasive to a reasonable person so as to alter the terms and conditions of Plaintiff's employment. Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff engaged in any protected activity and whether there is a nexus between any alleged protected activity and any alleged adverse employment action under 1981. Whether suffered an adverse employment action at all under 1981. Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff made any complaints to Starwood regarding hostile work environment under Title VII . Whether the alleged hostile work environment was based on Plaintiff's race, color or ethnicity under Title VII . Whether Starwood has an affirmative Faragher/Ellenerth Defense for any alleged co-worker harassment or any alleged hostile work environment. Whether the alleged hostile work environment was severe and pervasive to a reasonable person so as to alter the terms and conditions of Plaintiff's employment. Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff engaged in any protected activity and whether there is a nexus between any alleged protected activity and any alleged adverse employment action under Title VII. Whether suffered an adverse employment action at all under Title VII. Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff is disabled under the ADA, the NYSHRL or the NYCHRL.  Whether Plaintiff failed to engage in the interactive process.  Whether any alleged accommodation alleged requested by Plaintiff would not cause an undue burden on the employer.  Whether Plaintiff's membership in a union hindered his request for an accommodation.  Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff engaged in any protected activity and whether there is a nexus between any alleged protected activity and any alleged adverse employment action under the NYSHRL or the NYCHRL.  Whether suffered an adverse employment action at all under the NYSHRL or the NYCHRL.  Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether Plaintiff made any complaints to Starwood regarding hostile work environment under under the NYSHRL or the NYCHRL.  Whether the alleged hostile work environment was based on Plaintiff's race or color under under the NYSHRL or the NYCHRL.  Whether Starwood has an affirmative Faragher/Ellenerth Defense for any alleged co-worker harassment or any alleged hostile work environment.  Whether the alleged hostile work environment was severe and pervasive to a reasonable person so as to alter the terms and conditions of Plaintiff's employment under the NYSHRL or the NYCHRL.  Whether Plaintiff's mental condition altered his perception of reality in the workplace.

Whether there is any liability for Starwood under the New York common law at all for any alleged failure to discipline its workers in light of the unionized workforce that Plaintiff was a part of at Starwood.  Whether Plaintiff's failed to report incidents and to cooperate hindered Starwood's investigation of Plaintiff's alleged complaints.  Whether Plaintiff's mental condition altered his perception of reality in the workplace.

## VI.   PLAINTIFF'S EXHIBITS

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_1 | D. Nunez medical treatment records | | NunezMD1 – NunezMD7 |
| PX_2 | A. Oyola Spanish medical notes and certified English translation | | OyolaMD01 – OyolaMD07 |
| PX_3 | Report from Alberto M. Goldwaser | 11/28/2008 | |
| PX_4 | Addendum to A. M. Goldwaser Report | 01/09/2009 | |
| PX_5 | Letter from M. Mendez to D. Carlo | 02/27/2006 | MM015 |
| PX_6 | NYPD Harassment Report | 04/21/2006 | MM013 |
| PX_7 | Signed D. Babayoko notice of harassment by Tello | 05/05/2007 | MM004 |
| PX_8 | EthicsPoint report from M. Mendez | 05/18/2007 | MM001 |
| PX_9 | Starwood investigation file re "Anonymous Note" ("Moises Mendez Stop Crying Mexican Piece of Shit or Else") | 06/15/2007 | SM00414 – SM00418 |

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_10 | Handwritten note to M. Mendez ("For the Best Cock Sucker") | 02/10/2005 | MM169 |
| PX_11 | Handwritten (Spanish language) letter of complaint from M. Mendez to M. Lavides, and Starwood English translation of same | 06/28/2007 | SM00421 – SM00422 |
| PX_12 | Letter from L. Cerra re: M. Mendez need for scheduling accommodation due to medical conditions | | CerraMD05 |
| PX_13 | EthicsPoint report from M. Mendez | 09/11/2007 | MM0011 – MM0012 |
| PX_14 | M. Mendez letter to H. Hazzard, W. Ortiz and N. Kiska re: "Incident which occurred September 08, 2007 of harassment and unauthorized preparation of food (meals) | 09/08/2007 | MM017 |
| PX_15 | Handwritten Associate Statement Form from M. Mendez  re: damaged locker | 10/06/2007 | MM003 |
| PX_16 | M. Mendez letter to N. Kiska, F. Tujague and A. Rotolo re: damaged locker | 10/10/2007 | MM016 |
| PX_17 | Handwritten Associate Statement Form from M. Mendez re: writing on oven | 02/06/2008 | MM266 |
| PX_18 | M. Mendez handwritten letter to Chef requesting schedule change and attaching note from A. Chun, M.D. | 04/11/2007 | MM002 |
| PX_19 | M. Mendez note to H. Hazzard and N. Kiska | 02/16/2008 | SM00791 |
| PX_20 | A. Chun, M.D. note re M. Mendez Illness | 09/10/2006 | MM020 |
| PX_21 | Union Meeting Notes | 12/11/2007 | SM00741 – SM00742 |
| PX_22 | Statement from M. Mendez re: M. Kleinman assault | 06/17/2008 | SM00479 |
| PX_23 | Minutes of N. Kiska, L. Shapiro and F. Tujague meeting re: M. Kleinman assault on M. Mendez | 06/19/2008 | SM00459 – SM00460 |
| PX_24 | Email from H. Camacho to N. Kiska re: schedule change for M. Mendez | 07/16/2007 | SM01878 |
| PX_25 | Email chain with notes of M. Mendez Union grievance meeting | 07/09/2008 | SM05651 – SM05653 |
| PX_26 | Email from N. Kiska to G. Widder re: Note from Chef Frank | 08/04/2008 | SM06296 |
| PX_27 | Handwritten medical records of L. Cerra, M.D. | | CerraMD01 – CerraMD04 |
| PX_28 | Security statement re: Alleged associate incident | | SM01500 |
| PX_29 | Letter from A. Chun, M.D. dieter: M. Mendez dietary requirements | 02/01/2008 | MM032 |

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_30 | Email from F. Tujague to N. Kiska / M. Lavides re: M. Mendez requesting to work without a break due to illness | 10/03/2007 | SM05592 |
| PX_31 | Memorandum from N. Kiska to F. Tello re "Inappropriate and Unacceptable Behavior in the Workplace" | 08/07/2007 | SM02159 |
| PX_32 | Letter from L. Cerra, M.D. requesting a regular schedule for M. Mendez | 09/12/2005 | MM155 |
| PX_33 | Memorandum from M. Lavides to M. Mendez re: schedule change | 05/01/2007 | SM00806 |
| PX_34 | Email chain from M. Lavides to L. Shapiro requesting an investigation re M. Mendez | 12/12/2007 | SM00797 |
| PX_35 | Email chain re: investigation into M. Mendez pay checks | 12/15/2007 | SM05628 – SM05629 |
| PX_36 | Note from A. Chun, M.D. re M. Mendez medical conditions | 05/08/2006 | MM034 |
| PX_37 | Photograph of graffiti on M. Mendez oven ("Sir Moises Ms. Baker") | | SM1491 |
| PX_38 | M. Mendez treatment records from Harlem Health Center | | HHC004 – HHC412 |
| PX_39 | M. Mendez treatment records from St. Luke's Roosevelt Hospital Center | | NunezMD02 – NunezMD07 |
| PX_40 | M. Mendez treatment records from Lenox Hill Hospital | | LHH001 – LHH157 |
| PX_41 | Note from A. Chun, M.D. re M. Mendez medical conditions | 10/16/2007 | MM031 |
| PX_42 | Progressive Discipline report for M. Kleinman | 06/27/2008 | SM00508 – SM00509 |
| PX_43 | Email from N. Kiska to managers re: requirement to provide samples for Department of Heath investigation | 06/17/2005 | SM2034 |
| PX_44 | Surveillance camera log | 03/26/2008 *to* 04/01/2008 | SM03092 |
| PX_45 | Email from N. Kiska to S. Kwong, T. Rodriguez and G. Widder re: surveillance camera log | 03/26/2008 | SM04194 |
| PX_46 | Email chain re: reminder of hidden surveillance cameras | 06/30/2008 | SM04185 |
| PX_47 | Email from N. Kiska to T. Rodriguez re: copy of security video | 04/24/2008 | SM04193 |
| PX_48 | Note from A. Chun, M.D. re M. Mendez medical conditions | 04/11/2007 | MM014 |

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_49 | NYPD Omniform System Complaints re M. Mendez harassment report | 10/10/2008 | |
| PX_50 | Signed D. Babayoko notice of harassment by F. Tello | 05/05/2007 | SM02160 |
| PX_51 | Progressive discipline report for F. Tello | 10/23/2007 | SM03922 |
| PX_52 | Statements from associates re: F. Tello | 08/10/2007 | SM02161 – SM02165 |
| PX_53 | M. Mendez statement and investigation notes re: M. Kleinman incident | 06/17/2008 | SM00478 – SM00481 |
| PX_54 | Notes by L. Shapiro of interview with R. Ferraro re: M. Kleinman incident | 06/23/2008 | SM00579 – SM00580 |
| PX_55 | Revised Notes by L. Shapiro of interview with R. Ferraro re: M. Kleinman incident | 06/23/2008 | SM00490 – SM00494 |
| PX_56 | Notes by L. Shapiro of interview with M. Bakayoko re: M. Kleinman incident | 06/23/2008 | SM00542 |
| PX_57 | M. Kleinman Write-Up | 06/27/2008 | SM00507 – SM00511 |
| PX_58 | Minutes from meeting with N. Kiska, L. Shapiro and F. Tujague re: M. Kleinman and M. Mendez | 06/19/2008 | SM00467 – SM00469 |
| PX_59 | Note from A. Chun, M.D. re M. Mendez medical conditions | 08/10/2007 | MM027 |
| PX_60 | Photograph of M. Mendez employee badges | | MM672 – MM673 |
| PX_61 | Photograph of HR Reception | 10/16/2007 | SM01627 |
| PX_62 | Employment offer letter to M. Mendez (held unenforceable by Judge McMahon, affirmed by Second Circuit) | 04/07/2004 | SM00058 |
| PX_63 | Minutes from meeting between L. Shapiro and M. Mendez re: M. Kleinman assault | | SM00574 – SM00575 |
| PX_64 | HR meeting with M. Kleinman | 06/23/2008 | SM00513 – SM00516 |
| PX_65 | Minutes of Housekeeping Managers meeting | 09/09/2004 | SM07484 – SM07486 |
| PX_66 | M. Mendez request to remain on outlined schedule to accommodate medical disabilities | 04/12/2007 | MM114 |
| PX_67 | DVD Recordings from Covert Surveillance Camera Installed in Vicinity of M. Mendez Workspace in Hotel Kitchen | | SM_A1 – SM_A47 |
| PX_68 | Handwritten statement from A. Rotolo admitting to prior false statements re: referring to M. Mendez as "mangina" | 11/04/2008 | SM02916 |
| PX_69 | Photograph of wire hanging from kitchen ceiling over M. Mendez workspace | | MM605 |

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_70 | StarVoice Associate Survey Responses | Nov. 2005 | StarVoice |
| PX_71 | StarVoice Associate Survey Responses | Nov. 2007 | StarVoice |
| PX_72 | StarVoice Associate Survey Responses | Nov. 2006 | StarVoice |
| PX_73 | StarVoice Associate Survey Responses | Oct. 2004 | StarVoice |
| PX_74 | Starvoice Associate Survey Responses | Nov. 2008 | StarVoice |
| PX_75 | NYSDHR Verified Complaint of Discrimination Against Starwood (M. Mendez) | 05/21/2007 | MM337 – MM339 |
| PX_76 | NYSDHR Verified Complaint of Retaliation Against Starwood (M. Mendez) | 08/15/2007 | MM393 – MM395 |
| PX_77 | NYSDHR Probable Cause Determination after Investigation re M. Mendez Discrimination Complaint | 10/30/2007 | MM397 |
| PX_78 | Memorandum from NYSDHR re: Mendez investigation | 10/26/2007 | MM402 – MM404 |
| PX_79 | NYSDHR Determination of Probable Cause After Investigation re M. Mendez Retaliation Complaint | 10/30/2007 | MM478 |
| PX_80 | Photograph of M. Mendez and scar | | MM620 |
| PX_81 | Photograph of M. Mendez locker | | MM598 |
| PX_82 | Photograph of kitchen | | MM599 |
| PX_83 | Photograph of hanging wires | | MM600 |
| PX_84 | Photograph of wires hanging from ceiling | | MM601 |
| PX_85 | Photograph of wires and kitchen work station | | MM602 |
| PX_86 | Photograph of ceiling without wires | | MM603 |
| PX_87 | Photograph of wires in ceiling (close up) | | MM604 |
| PX_88 | Photograph of wires in ceiling | | MM605 |
| PX_89 | Photograph of associate holding wires hanging from the ceiling | | MM606 |
| PX_90 | Photograph of chamomile tea box | | MM607 |
| PX_91 | Photograph of tea bags (close up) | | MM608 |
| PX_92 | Photograph of tea bags with pill jars in front | | MM610 |
| PX_93 | Photograph of kitchen (wide shot) | | MM613 |
| PX_94 | Photograph of wires in ceiling | | MM614 |
| PX_95 | Photograph of wires in ceiling | | MM615 |
| PX_96 | Photograph of writing on oven | | MM616 |
| PX_97 | Photograph of writing on oven (close up) | | MM617 |
| PX_98 | Photograph of writing on oven | | MM621 |
| PX_99 | Authorization for medical records and handwritten medical records of C. Ortiz, M.D. | | OrtizMD01 – OrtizMD02 |
| PX_100 | Handwritten medical records of C. Ortiz, M.D. | | Ortiz Ex. B |
| PX_101 | Handwritten medical records of C. Ortiz, M.D. | 07/20/2005 | Ortiz Ex. C |

| No: | Description: | Date: | Bates No: |
|---|---|---|---|
| PX_102 | Handwritten note to M. Mendez ("Por ser el mejor repostero lumbon") | 01/10/2005 | MM170 |
| PX_103 | Handwritten note to M. Mendez ("For Being the Best Mexican that Crossed the Border") | 01/10/2005 | MM171 |
| PX_104 | Starwood Subpoena to The Yale Club of New York | 01/15/2008 | MM341 – MM344 |
| PX_105 | NYSDHR Probable Cause Determination after Investigation re G. Toro Discrimination Complaint | 10/30/2007 | SM3424 |

## VII.    **DEFENDANTS EXHIBITS**

Exhibits the Defendant either expects to offer or will offer if the need arises, excluding exhibits to be offered for impeachment purposes, are as follows:

**DX 1:**    Westin Internal Posting dated March 4, 2004 for Server's Assistant and Baker [SM_00815]

**DX 2:**    Westin New York letter dated April 7, 2004 from Nancy Kiska to Moises Mendez [SM_00058]

**DX 3:***    Note dated January 10, 2005 on Starwood Note of Thanks pad addressed to Moises [MM_169 – MM_171]

**DX 4:***    Email dated June 17, 2005, Subject: "For Our Records" from Nancy Kiska to John Sheedy [SM_02034]

**DX 5:***    Confidential Doctor's Notes – handwritten – Report dated 7-20-2005 To 3-18-2008 [Cerra Exh. 2; Cerra MD 01 – Cerra MD 04]

**DX 6:***    Typed Note from Luis R. Cerra, M.D. dated September 12, 2005 re: Moises Mendez [Cerra Exh. 1; Cerra MD 5]

**DX 7:**    Letter dated February 27, 2006 to Mr. Derrick A. Carlo from Moises Mendez-Baker [SM_00447]

**DX 8:***    Letter dated March 22, 2006 to Moises Mendez from Derrick Carlo [SM_00448]

**DX 9:**    Police report from Midtown Precinct South dated 4/21/06 [MM_013]

**DX 10:**     Medical Questionnaire form dated 11/17/06 re: Moises Mendez [SM_00356; SM_00355]

**DX 11:**\*          Doctor note dated 11/17/06 requesting day shift  [SM_00679 – SM_00680]

**DX 12:**\*          Email from Sabrina Bartley dated December 21, 2006 to David Ribbens, Nicholas Cavaretta, Eric Kaplan and Eric Dupaix and accompanying doctor's note giving medical clearance to return to work on 2/6/07 [SM_00674 – SM _00676]

**DX 13:**\*          Letter dated January 31, 2007 from Nancy Kiska to Tania Rojas [SM_06857]

**DX 14:**\*          Doctor note from Dr. Domingo Nunez M.D. dated February 8, 2007 stating that Moises Mendez could not return to work that day [SM_00673]

**DX 15:**\*          Prescription note from Dr. Alexander Chun, M.D. requesting a normal schedule for Moises Mendez dated April 11, 2007.  [MM_002; MM_014]

**DX 16:**\*          Signed statement and schedule from Moises Mendez re: agreement to change in schedule dated April 12, 2007 and witnessed Charlie Blanco [SM_00695]

**DX 17:**\*          Email from Eric Dupaix to Lourdes Shapiro dated April 23, 2007 re: Change in Pastry Schedule [SM_00698]

**DX 18:**\*          Meeting report dated 4/27/07 [Hazzard Exh. 14; UNION 00342 – 00343]

**DX 19:**\*          Case History Update report dated 4/27/07 with New Case Report and Meeting Report attached [Hazzard Exh. 21; UNION 00341 – 00343]

**DX 20:**\*          Memorandum from Maria Lavides to Moises Mendez dated May 1, 2007 re: Schedule Change for Moises Mendez/Baker [SM_00806]

**DX 21:**\*          Ethics Point Report 82-Call Center dated 5/18/2007 [SM_02049 – SM_02051]

**DX 22:**\*          Email from Sabrina Bartley to Frank Tujague, Gabriel Brandi, and Antonio Rotolo dated May 23, 2007 and accompanying doctor return to work notes [SM_00664 – SM_00672]

**DX 23:**          Memo dated 6/29/07 by Moises Mendez dated 6/28/07 to Maria Lavides, cc: Hazel Hazzard and Wilson Ortiz (original copy written in Spanish signed by Moises Mendez) [SM_00421 – SM_00422]

**DX 24:**\*          Note dated 6/15/07 on The Westin New York pad for a wake up
                     request containing a handwritten note to Hazel [MM_090]

**DX 25:**\*          Note dated 6/15/07 titled Anonymous Note on The Westin New York
                     stationary with pad notes attached [SM_00414 – SM_00418]

**DX 26:**\*          Handwritten letter (in Spanish and translated and typed in English)
                     from Moises Mendez to Maria Lavides, Hazel Hazzard and Mr. Wilson
                     Ortiz dated 6/28/07 [SM_00421; MM_279]

**DX 27:**           Leave Entitlement Request Form for Moises Mendez dated 7/03/07
                     [SM_00014]

**DX 28:**\*          Memo dated July 16, 2007 from Hector Camacho to Nancy Kiska re:
                     Pastry/Baker schedule [SM_01878]

**DX 29:**\*          Memo dated August 7, 2007 to Fernando Tello from Nancy Kiska
                     [SM_02159]

**DX 30:**\*          Prescription dated 8/10/07 for Moises Mendez from Dr. Alexander
                     Chun [SM_00324]

**DX 31:**\*          Copies of statements from Associates dated 8/10/07 (Fernando Tello)
                     [SM_02161 – SM_02165]

**DX 32:**\*          Memo dated August 15, 2007 from Nancy Kiska to Frank Tujague and
                     Maria Lavides [SM_00725 – 00726]

**DX 33:**           Letter dated September 8, 2007 from Moises Mendez to Hazel
                     Hazzard, Wilson P. Ortiz, and Nancy Kiska re: flour incident
                     [SM_00830]

**DX 34:**           Undated statement by Executive Sous Chef, Antonio Rotolo re: flour
                     incident [SM_01575]

**DX 35:**\*          Ethics Point Issue and Event Manager report dated 9/11/07 Report
                     105 Call Center [SM_01063 – SM_01066]

**DX 36:**           Meeting transcript of meeting held September 24, 2007 between
                     Moises Mendez, Giovanni (Delegate), Tom Mituzas, and Lanette
                     McNeil [SM_01068 – SM_01077]

**DX 37:**\*          Note dated 9/26/07 on The Westin New York pad for a wake up
                     request With a post-it note from Patricia [UNION 00113]

**DX 38:**           Westin's Security Incident Report dated 10/6/07 re: damaged hotel

property signed by A. Israel [SM_01587; SM_01590]

**DX 39:**      Letter dated October 10, 2007 from Moises Mendez to Nancy Kiska, Wilson Ortiz and Hazel Hazzard re: dents in locker [SM_00861]

**DX 40:**\*    Picture dated 10/16/07 [SM_01627]

**DX 41:**      Memo dated 10/19/07 from Nancy Kiska to files [SM_00848]

**DX 42:**      Letter dated October 23, 2007 from Nancy Kiska to Moises Mendez [SM_00874]

**DX 43:**      Letter dated October 24, 2007 from Nancy Kiska to Moises Mendez [SM_00856]

**DX 44:**      Union Meeting Notes dated 12/11/07 regarding Moises Mendez's allegations [SM_00741 – SM 00742]

**DX 45:**\*    Follow up Questionnaire dated 12/31/07 of David Motes [SM_01513]

**DX 46:**\*    Follow up Questionnaire dated 12/31/07 of Tania Rojas [SM_01515]

**DX 47:**\*    Email from Evelyn Pascual to Frank Tujague dated January 04, 2008 Re: Moises Mendez – Inquiry [SM_05643 – SM _05644]

**DX 48:**      Email from Maria Lavides to All Associates re: Mandatory Workshop on Creating a Respectful Workplace [SM_05924]

**DX 49:**\*    Letter from Alexander Chun, M.D. addressed "To Whom It May Concern" re: Moises Mendez and accompanying fax cover sheet to Lourdes Shapiro dated February 1, 2008 [SM_00325 – SM 00326]

**DX 50:**      Westin New York "Written Statement" dated 2/6/08 re: incident report of insulting writing on pastry oven [SM_00794]

**DX 51:**      Westin New York "Security Incident Report" dated 2/6/08 re: insulting writing on pastry oven [SM_01433]

**DX 52:**      "Policy Reminder" dated February 8, 2008 from Nancy Kiska to All Associates Re: Willful Destruction or Damaging of Hotel Property [SM_01492]

**DX 53:**\*    Letter dated February 8, 2008 to Hazel Hazzard from Kenneth P. Thompson, Esq. of Thompson Wigdor & Gilly LLP re: ongoing harassment of Moises Mendez [UNION 00190]

**DX 54:**\*   Meeting Minutes dated February 8, 2008 [SM_01981 – SM 01982]

**DX 55:**   Letter dated February 16, 2008 from Moises Mendez to Hazel Hazzard and Nancy Kiska re: sweet lips incident [SM_00791]

**DX 56:**\*   Typed "Statement Recv'd from Antonio Rotolo" dated 2/16/08 re: Robert Allen complaining of harassment by Moises Mendez [SM_01508]

**DX 57:**\*   Handwritten "Statement Recv'd from Charlie Blanco" dated 2/16/08 re: Sexy lips incident [UNION 00030]

**DX 58:**\*   Handwritten statement re: sexy lips incident dated 2/16/08 [UNION 00028]

**DX 59:**\*   Handwritten Statement dated 2/19/08 "Statement of Occurance [sic] regarding an incident that happened on Saturday 2-16-08."  Chef Frank Tujague writing as Ricky Ferrao speaks. [SM_01507]

**DX 60:**\*   Follow-up Investigation Questionnaire of various kitchen employees dated 2/14/08 – 2/19/08 re: attached picture of writing on the oven [UNION 00034 – 00088]

**DX 61:**\*   Email from Nancy Kiska to Kevin Belligiere dated 3/18/2008 re: discovery of police report [SM_06269]

**DX 62:**\*   Email from Nancy Kiska to Susan Kwong, Tony Rodriguez, and Gerard Widder dated March 26, 2008 re: Camera Log [SM_04194]

**DX 63:**   Letter dated June 17, 2008 to The Westin Hotel New York at Times Square re: hit in face with salad bowl [SM_00479]

**DX 64:**   Letter dated June 17, 2008 to The Westin Hotel New York at Times Square re: hit in face with salad bowl and accompanying meeting notes [SM_00479 – SM_00481]

**DX 65:**\*   Notes from Lourdes Shapiro meeting with Mamadou Bakayoko and Andrew Anyimah (delegate) dated June 23, 2008 re: salad bowl incident [SM_00498 – SM_00499]

**DX 66:**\*   Signed copy of notes from Lourdes Shapiro meeting with Mamadou Bakayoko and Andrew Anyimah (delegate)dated June 23, 2008 re: salad bowl incident [SM_00542]

**DX 67:**\*   Meeting Notes from June 23, 2008 meeting with Mark Kleinman, Elez

Hoxhaj (delegate), Nancy Kiska, and Lourdes Shapiro re: salad bowl incident [SM_00513 – SM_00516]

**DX 68:**    Nancy Kiska meeting notes of union meeting re: salad bowl incident [SM_05652 – SM_05653]

**DX 69:**\*    Signed meeting notes from June 23, 2008 meeting with Percival Small (delegate), Lourdes Shapiro, Ricky Ferraro, and Cate Whitaker summarizing Ricky Ferraro interview and accompanying acknowledgment from Ricky Ferraro[SM_00490 – SM_00494]

**DX 70:**    Progressive Discipline Documentation of Mark Kleinman re: salad bowl incident dated June 27, 2008 [SM_00507 – SM_00512]

**DX 71:**\*    Handwritten notes from Mark Kleinman re: salad bowl incident [SM_00517 – SM_00519]

**DX 72:**    Email from Nancy Kiska to Susan Kwong and Lourdes Shapiro dated June 30, 2008 re: Reminder of Hidden Surveillance Cameras and accompanying .pdf attachment of memorandum re: Hidden Surveillance Cameras to Hotel Association of New York City, Inc. from Kane Kessler, P.C. [SM_04185 – SM_04187]

**DX 73:**    Letter dated July 7, 2008 from Nancy Kiska to Hazel Hazzard [SM_04184]

**DX 74:**    Letter dated July 10, 2008 from Nancy Kiska to Hazel Hazard re: Moises/Kleinman investigation [SM_00477]

**DX 75:**\*    Handwritten Note dated 11/4/08 by Chef re: Moise harassing Chef [SM_02916]

**DX 76:**\*    Handwritten Doctor Notes begun 11/18/08 – last note dated 4/10/09 [Exh Ortiz D ID]

**DX 77:**    Minnesota Multiphasic Personality Inventory-2 (MMPI-2) Interpretation of Moises Mendez

**DX 78:**    Expert report of Andrew P. Levin, M.D. dated January 2, 2009 to Michael Starr, Esq.

**DX 79:**\*    Handwritten meeting notes [SM_00295 – SM_00296]

**DX 80:**    Undated powerpoint presentation presented by Nancy Kiska entitled "Westin Language Policy Issues Management Training" [SM_09636 – SM_09644]

**DX 81:**\*    Undated Written Statement signed by Antonio Rotolo, Executive Sous Chef [SM_01576]

**DX 82:**    Undated Security Statement re: Charlie Blanco and Moises Mendez disagreement [SM_01500]

**DX 83:**    Undated picture of a man depicting a scar [MM_609]

**DX 84:**    Cover Sheet of Collective Bargaining Agreement Between Hotel Association of New York City, Inc. and New York Hotel and Motel Trades Council, AFL-CIO [July 1, 2006 – June 30, 2012]

**DX 85:**    Excerpt from Collective Bargaining Agreement Between Hotel Association of New York City, Inc. and New York Hotel and Motel Trades Council, AFL-CIO effective July 1, 2006

**DX 86:**    Camera Log of Installation of Surveillance Camera [SM_03092]

**DX 87:**\*    Tania Rojas Resume

**DX 88:**\*    George Tetteh Resume  [SM_00429]

\* Those documents highlighted with an asterisk are not introduced for the truth of the matter asserted.

## VIII.  **STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS**

**Plaintiff's Objections to Particular Exhibits:**

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_ | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_1 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time, (FRE 403). |
| DX_2 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time (FRE 403). |
| DX_4 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_8 | Authentication (FRE 901); Hearsay (FRE 801, 802) |
| DX_13 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_17 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| DX_18 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_19 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time FRE (403); Authentication (FRE 901) |
| DX_22 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_25 | Hearsay (FRE 801, 802); Authentication (FRE 901) as to SM_00414 |
| DX_27 | Relevance (FRE 401/402); Authentication (FRE 901) |
| DX_28 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_32 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_34 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_36 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time, Prejudice (FRE 403); Authentication (FRE 901) |
| DX_37 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_38 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_41 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_42 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_43 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_45 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_46 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_47 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_48 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_50 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_51 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_52 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_53 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_54 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_56 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_57 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_58 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_59 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
|  | Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_60 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_61 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_62 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_64 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_65 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_66 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_67 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_68 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_69 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_71 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_72 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_73 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_74 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_75 | Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_76 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_77 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_78 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time, Prejudice (FRE 403) |
| DX_79 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_80 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_81 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_82 | Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_83 | Relevance (FRE 401/402); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_84 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_85 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication (FRE 901) |
| DX_86 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Authentication |

| Defendant Exhibit No: | Plaintiff's Objection(s) |
|---|---|
| | (FRE 901) |
| DX_87 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |
| DX_88 | Relevance (FRE 401/402); Hearsay (FRE 801, 802); Cumulative, Confusion, Waste of Time (FRE 403); Authentication (FRE 901) |

**Defendant's Objections to Particular Exhibits:**

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_1 | D. Nunez medical treatment records | | NunezMD 01 – NunezMD 07 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Authentication |
| PX_2 | A. Oyola Spanish medical notes and certified English translation | | OyolaMD 01 – OyolaMD 07 | • Hearsay Fed. R. Evid. 802<br>• Fed. R. Evid. 403<br>• Failure to disclose or supplement Fed. R. Civ. P. 37(c)(1) |
| PX_3 | Report from Alberto M. Goldwaser | 11/28/2008 | | • Fed. R. Evid. 702, 703<br>• Hearsay Fed. R. Evid. 802 |
| PX_4 | Addendum to A. M. Goldwaser Report | 01/09/2009 | | • Fed. R. Evid. 702, 703<br>• Hearsay Fed. R. Evid. 802 |
| PX_5 | Letter from M. Mendez to D. Carlo | 02/27/2006 | MM015 | • Hearsay Fed R. Evid. 802 |
| PX_7 | Signed D. Babayoko notice of harassment by Tello | 05/05/2007 | MM004 | • Hearsay Fed R. Evid. 802<br>• Relevance<br>• Fed. R. Evid. 403 |
| PX_8 | EthicsPoint report from M. Mendez | 05/18/2007 | MM001 | • Hearsay Fed R. Evid. 802 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_11 | Handwritten (Spanish language) letter of complaint from M. Mendez to M. Lavides, and Starwood English translation of same | 06/28/2007 | SM00421 – SM00422 | • Hearsay Fed R. Evid. 802 |
| PX_12 | Letter from L. Cerra re: M. Mendez need for scheduling accommodation due to medical conditions | | CerraMD 05 | • Hearsay Fed R. Evid. 802 |
| PX_13 | EthicsPoint report from M. Mendez | 09/11/2007 | MM0011 – MM0012 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403 |
| PX_14 | M. Mendez letter to H. Hazzard, W. Ortiz and N. Kiska re: "Incident which occurred September 08, 2007 of harassment and unauthorized preparation of food (meals) | 09/08/2007 | MM017 | • Hearsay Fed R. Evid. 802 |
| PX_15 | Handwritten Associate Statement Form from M. Mendez re: damaged locker | 10/06/2007 | MM003 | • Hearsay Fed R. Evid. 802<br>• Mischaracterization of document (description should be changed) |
| PX_16 | M. Mendez letter to N. Kiska, F. Tujague and A. Rotolo re: damaged locker | 10/10/2007 | MM016 | • Hearsay Fed R. Evid. 802<br>• Mischaracterization of document (description should be changed) |
| PX_17 | Handwritten Associate Statement Form from M. Mendez re: writing on oven | 02/06/2008 | MM266 | • Hearsay Fed R. Evid. 802 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_19 | M. Mendez note to H. Hazzard and N. Kiska | 02/16/2008 | SM00791 | • Hearsay Fed R. Evid. 802 |
| PX_22 | Statement from M. Mendez re: M. Kleinman assault | 06/17/2008 | SM00479 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |
| PX_23 | Minutes of N. Kiska, L. Shapiro and F. Tujague meeting re: M. Kleinman assault on M. Mendez | 06/19/2008 | SM00459 – SM00460 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |
| PX_24 | Email from H. Camacho to N. Kiska re: schedule change for M. Mendez | 07/16/2007 | SM01878 | • Mischaracterization of document |
| PX_25 | Email chain with notes of M. Mendez Union grievance meeting | 07/09/2008 | SM05651 – SM05653 | • Hearsay Fed R. Evid. 802 |
| PX_26 | Email from N. Kiska to G. Widder re: Note from Chef Frank | 08/04/2008 | SM06296 | • Hearsay Fed R. Evid. 802 |
| PX_29 | Letter from A. Chun, M.D. dieter: M. Mendez dietary requirements | 02/01/2008 | MM032 | • Hearsay Fed R. Evid. 802 |
| PX_30 | Email from F. Tujague to N. Kiska / M. Lavides re: M. Mendez requesting to work without a break due to illness | 10/03/2007 | SM05592 | • Hearsay Fed R. Evid. 802 |
| PX_32 | Letter from L. Cerra, M.D. requesting a regular schedule for M. Mendez | 09/12/2005 | MM155 | • Hearsay Fed R. Evid. 802 |
| PX_35 | Email chain re: investigation into M. Mendez pay checks | 12/15/2007 | SM05628 – SM05629 | • Hearsay Fed R. Evid. 802 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_36 | Note from A. Chun, M.D. re M. Mendez medical conditions | 05/08/2006 | MM034 | • Hearsay Fed R. Evid. 802 |
| PX_37 | Photograph of graffiti on M. Mendez oven ("Sir Moises Ms. Baker") | | SM1491 | • Mischaracterization of document (description should be changed) |
| PX_50 | Signed D. Babayoko notice of harassment by F. Tello | 05/05/2007 | SM02160 | • Hearsay Fed R. Evid. 802<br>• Relevance Fed R. Evid. 401<br>• Fed. R. Evid. 403<br>• Duplicative |
| PX_52 | Statements from associates re: F. Tello | 08/10/2007 | SM02161 – SM02165 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |
| PX_53 | M. Mendez statement and investigation notes re: M. Kleinman incident | 06/17/2008 | SM00478 – SM00481 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403 |
| PX_54 | Notes by L. Shapiro of interview with R. Ferraro re: M. Kleinman incident | 06/23/2008 | SM00579 – SM00580 | • Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |
| PX_55 | Revised Notes by L. Shapiro of interview with R. Ferraro re: M. Kleinman incident | 06/23/2008 | SM00490 – SM00494 | • Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_56 | Notes by L. Shapiro of interview with M. Bakayoko re: M. Kleinman incident | 06/23/2008 | SM00542 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_58 | Minutes from meeting with N. Kiska, L. Shapiro and F. Tujague re: M. Kleinman and M. Mendez | 06/19/2008 | SM00467 – SM00469 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Relevance Fed. R. Evid. 401 |
| PX_62 | Employment offer letter to M. Mendez (held unenforceable by Judge McMahon, affirmed by Second Circuit) | 04/07/2004 | SM00058 | • Mischaracterization of document (description should be changed) |
| PX_63 | Minutes from meeting between L. Shapiro and M. Mendez re: M. Kleinman assault | | SM00574 – SM00575 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403<br>• Mischaracterization of document (description should be changed) |
| PX_64 | HR meeting with M. Kleinman | 06/23/2008 | SM00513 – SM00516 | • Hearsay Fed R. Evid. 802 |
| PX_65 | Minutes of Housekeeping Managers meeting | 09/09/2004 | SM07484 – SM07486 | • Hearsay Fed R. Evid. 802<br>• Fed. R. Evid. 403 |
| PX_66 | M. Mendez request to remain on outlined schedule to accommodate medical disabilities | 04/12/2007 | MM114 | • Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_68 | Handwritten statement from A. Rotolo admitting to prior false statements re: referring to M. Mendez as "mangina" | 11/04/2008 | SM02916 | • Mischaracterization of document (description should be changed) |
| PX_70 | StarVoice Associate Survey Responses | Nov. 2005 | StarVoice | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|---|---|---|---|---|
| PX_71 | StarVoice Associate Survey Responses | Nov. 2007 | StarVoice | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_72 | StarVoice Associate Survey Responses | Nov. 2006 | StarVoice | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_73 | StarVoice Associate Survey Responses | Oct. 2004 | StarVoice | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_74 | Starvoice Associate Survey Responses | Nov. 2008 | StarVoice | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_75 | NYSDHR Verified Complaint of Discrimination Against Starwood | 05/21/2007 | MM337 – MM339 | • Hearsay Fed R. Evid. 802 |
| PX_76 | NYSDHR Verified Complaint of Retaliation | 08/15/2007 | MM393 – MM395 | • Hearsay Fed R. Evid. 802 |
| PX_77 | NYSDHR Probable Cause Determination after Investigation re M. Mendez Discrimination Complaint | 10/30/2007 | MM397 | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_78 | Memorandum from NYSDHR re: Mendez investigation | 10/26/2007 | MM402 – MM404 | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |

| No: | Description: | Date: | Bates No: | Defendant's Objections |
|-----|-------------|-------|-----------|------------------------|
| PX_79 | NYSDHR Determination of Probable Cause After Investigation re M. Mendez Retaliation Complaint | 10/30/2007 | MM478 | • Hearsay Fed R. Evid. 802<br>• Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_101 | Handwritten medical records of C. Ortiz, M.D. | 07/20/2005 | Ortiz Ex. C | • Duplicative, See PX_26 |
| PX_104 | Starwood Subpoena to The Yale Club of New York | 01/15/2008 | MM341 – MM344 | • Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |
| PX_105 | NYSDHR Probable Cause Determination after Investigation re G. Toro Discrimination Complaint | 10/30/2007 | SM3424 | • Relevance Fed. R. Evid. 401<br>• Fed. R. Evid. 403 |

## IX.   PLAINTIFF'S WITNESS LIST

The following witnesses are listed without waiving Plaintiff's right to assert objections to all or part of a witness's testimony at trial, or to withdraw the witness from Plaintiff's witness list.  In addition, Plaintiff reserves the right to call impeachment and rebuttal witnesses, whether or not listed here.

1.   Moises Mendez (in person)

2.   Dr. Carlos Ortiz (in person)

3.   Dr. Alberto Goldwaser (in person)

4.   Dr. Louis R. Cerra (in person)

5.   Dr. Alexander Chun (in person)

6.   Dr. Domingo Nunez (in person)

7.   Hazel Hazzard (in person)

8.   Giovanni Toro (in person)

9.   Jessica Ocasio (in person)

10.    Lucy Ayala (in person)

11.    Anna Liza Bay (in person)

12.    Carlos Urrutia (in person)

13.    Carlos Cabrera (in person)

14.    Nancy Kiska (by videotaped deposition)

15.    Frank Tujague (by deposition)

16.    Lourdes Shapiro (by videotaped deposition)

17.    Antonio Rotolo (by videotaped deposition)

18.    Maria Lavides (by videotaped deposition)

Plaintiff reserves the right: (i) not to call any persons on this list; (ii) to call any persons on Defendant's witness list (without waiver of any objection to certain witnesses for any purpose); (iii) to call witnesses discovered as a result of documents produced subsequent to the date of this Pretrial Order; (iv) to call custodians of documents as may be necessary; (v) to call rebuttal and/or impeachment witnesses, if necessary, not listed herein; and (vi) to introduce testimony by way of deposition transcript and/or videotape recording in the event that a witness is unavailable.

| LOURDES SHAPIRO DEPOSITION DESIGNATIONS<br>(Transcript Citations & Corresponding Videotape Recording) |
| :---: |
| 12:5 – 13:13 |
| 39:2 – 42:24 |
| 49:8 – 52:5 |
| 89:5 – 97:9 |
| 98:8 – 156:3 |
| 158:19 – 213:19 |
| 214:24 – 221:2 |
| 230:13 – 234:3 |
| 236:2 – 249:9 |
| 280:24 – 284:8 |
| 292:6 – 293:11 |
| 298:3 – 300:10 |
| 305:22 – 307:4 |
| 327:17 – 348:18 |

| NANCY KISKA DEPOSITION DESIGNATIONS<br>(Transcript Citations & Corresponding Videotape Recording) |
| :---: |
| 45:7 – 48:17 |

| 57:2 – 69:17 |
|---|
| 72:16 – 442:25 |
| 454:7 – 457:19 |
| 476:3 – 483:11 |
| 527:3 – 577:25 |
| 587:13 – 602:19 |
| 622:20 – 626:13 |

| ANTONIO ROTOLO DEPOSITION DESIGNATIONS<br>(Transcript Citations & Corresponding Videotape Recording) |
|---|
| 17:18 – 102:12 |
| 112:2 – 147:15 |
| 150:25 – 232:2 |
| 232:7 – 450:8 |

| MARIA LAVIDES DEPOSITION DESIGNATIONS<br>(Transcript Citations & Corresponding Videotape Recording) |
|---|
| 30:9 – 36:7 |
| 53:2 – 58:18 |
| 64:2 – 65:2 |
| 70:17 – 76:11 |
| 76:18 – 83:17 |
| 93:16 – 102:7 |
| 104:8 – 114:3 |
| 114:19 – 119:7 |
| 119:13-18 |
| 121:22 – 123:25 |
| 126:3 – 140:2 |
| 140:15 – 147:2 |
| 147:3 – 150:18 |
| 162:2 – 181:25 |
| 182:23 – 213:18 |
| 228:2 – 253:6 |
| 253:7 – 287:16 |
| 299:11 – 302:25 |
| 309:5 – 311:17 |
| 314:18 – 320:4 |

| FRANK TUJAGUE DEPOSITION DESIGNATIONS |
|---|
| 36:4 – 169:24 |
| 176:11 – 450:13 |

**X.**      **DEFENDANT'S WITNESS LIST**

In its case in chief, Defendant will call the following witnesses to testify in person:

> Nancy Kiska
> Area Director of Human Resources
> The Westin New York at Times Square
> 270 West 43rd Street
> New York, New York 10036
> (212) 201-2742
>
> Tom Mituzas
> Area Director of Human Resources
> Starwood Hotels of New York City
> 790 Seventh Avenue
> New York, NY 10019
> (212) 621-8596
>
> Lourdes Shapiro
> Assistant Director of Human Resources
> The Westin New York at Times Square
> 270 West 43rd Street
> New York, New York 10036
> (212) 201-2742
>
> Dr.  Andrew P. Levin
> Adult and Forensic Psychiatry
> 141 North Central Avenue
> Hartsdale, NY 10530
> (914) 949-6761 ext. 376
> (914) 949-3224
>
> Maria Lavidas
> Former Assistant Director of Human Resources at
> The Westin New York at Times Square
> Currently Director of Human Resources at The Westin Jersey City, Newport
> 479 Washington Boulevard
> Jersey City, New Jersey 07310
> (201) 626-2900
>
> Derrick A. Carlo
> Former Human Resources Manager at
> The Westin New York at Times Square
> Presently at the Waldorf Astoria
> 301 Park Avenue
> New York, New York 10022

(212) 355-3000

Hector Camacho
Former Human Resources Manager at
The Westin New York at Times Square
Currently Senior Compensation Analyst at
Starwoods Hotels and Resorts Worldwide, Inc.
1111 Westchester Avenue
White Plains, New York 10604
(914) 640-8100

Eric Dupaix
Director of Food and Beverage
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

John Sheedy
Former Director of Food and Beverage at
The Westin New York at Times Square
Current address and telephone number unknown

Frank Tujague
Executive Chef
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Antonio Rotolo
Executive Sous Chef
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

David Ribbens
Former Executive Chef at
The Westin New York at Times Square
Current address and telephone number unknown

George Tetteh
Pastry Chef
The Westin New York at Times Square
270 West 43rd Street

New York, New York 10036
(212) 201-2742

Melvin Morales
Former kitchen employee at
The Westin New York at Times Square
Current address and telephone number unknown

Teddy Emmanus
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Tania Rojas
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Hazel Hazzard
Vice President and Business Agent
Local 6, Hotel Employees & Restaurant Employees International Union
709 Eighth Avenue
New York, New York 10036
(212) 957-8000

Kyle Craddock
Tournant and Union Delegate
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Robert Allen
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Mark Kleinman
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Mamadou Bakayoko
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Sabrina Bartley
Human Resources Coordinator
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Sebastian DaCosta
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Giovanni Toro
Command Center Agent and Union Delegate
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Fernando Tello
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Charlie Blanco
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

David Motes
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Pedro Segura
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

H/O A.Israel
Security Officer at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Gustavo Ali
Steward and Union Delegate
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Andrew Anymiah
Room Service Server and Union Delegate
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Cornell Brown
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742


Percival Small
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Patrick Prendagergast
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Clemente Roman
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Julio Castillo
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Birahim Tendeng
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Charkern Nimtrakul
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Novia Tanjung
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Elmer Bautista
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Pedro Palacios
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Lawrence Mathurin
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Clara Moreno
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Ricky Ferraro
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Lester McCants
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742


William Ang
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Daniel McKinley
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Madeline Alverez
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Francis Boateng
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Donald Campbell
Kitchen Employee at

The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Francisco Rodriguez
Kitchen Employee at
The Westin New York at Times Square
270 West 43rd Street
New York, New York 10036
(212) 201-2742

Katie Morgan
Former Human Resources Manager at
The Westin New York at Times Square
Current address and telephone number unknown

## DEFENDANT OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS

Defendant objects to Plaintiff's deposition designations as they involve hearsay, hearsay within hearsay, matters not irrelevant to this lawsuit and/or matters whose probative value is far outweighed by its undue prejudice and tendency for confusion of issues and misleading the jury.  Defendant further objects to answers to each and every question that is objectionable, except as to form, and to all questions that were not withdrawn in response to an objection as to form..  Defendant reserves the right to make counter designations as needed.

## XI.    RELIEF SOUGHT

1.    An award of damages in an amount to be determined at trial to compensate Mr. Mendez for all monetary and/or economic harm;

2.    An award of damages to compensate Mr. Mendez for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries, in an amount to be determined at trial, but in no case less than $10,500,000.00;

3.    An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Mendez in an amount to be determined at trial;

45

4.      An award of damages in an amount to be determined at trial to compensate Mr. Mendez for harm to his professional and personal reputations and loss of career fulfillment;

5.      An award of punitive damages, in an amount to be determined at trial, but in no case less than $6,000,000.00;

6.      An award of costs, including, but not limited to, all expert witness fees and expenses that Mr. Mendez has incurred in this action;

7.      Attorneys' fees and expenses to the fullest extent permitted by law;

8.      Appropriate prejudgment interest on all damages awarded; and

9.      Such other and further relief as the Court may deem just and proper.

Mr. Mendez also seeks: (i) a declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States and the State and City of New York; (ii) an injunction and order permanently restraining Defendant from engaging in such unlawful conduct; (iii) an order directing Defendant to place Mr. Mendez in the position he would have occupied but for Defendant's discriminatory treatment and otherwise unlawful conduct.


Dated:

                                                    _____
                                                    U.S.D.J


_____              _____
Kenneth P. Thompson, Esq.                    Michael Starr, Esq.
THOMPSON WIGDOR & GILLY LLP                  HOLLAND & KNIGHT LLP
85 Fifth Avenue                              195 Broadway, 24th Floor
New York, New York 10003                     New York NY 10007
Tel: 212-257-6800                            Tel: 212-513-3506
Fax: 212-257-6845                            Fax: 212-385-9010
kthompson@twglaw.com                         michael.starr@hklaw.com
*COUNSEL FOR PLAINTIFF*                       *COUNSEL FOR DEFENDANT*

46