UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

MOISES MENDEZ,

                      Plaintiff,          08 Civ. 4967 (CM)(KNF)

      v.

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.

                      Defendant.

------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANT FROM INTRODUCING THE EXPERT REPORT OF DR. ANDREW P. LEVIN INTO EVIDENCE**

THOMPSON WIGDOR & GILLY LLP

Kenneth P. Thompson
Andrew S. Goodstadt
Ariel Y. Graff
85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
*kthompson@twglaw.com*
*agoodstadt@twglaw.com*
*agraff@twglaw.com*

*Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff Moises Mendez ("Plaintiff" or "Mr. Mendez") respectfully submits this memorandum of law in support of his motion *in limine* to preclude Defendant from introducing the report prepared by Defendant's psychiatric expert, Dr. Andrew P. Levin, into evidence at trial in this matter. As demonstrated below, Dr. Levin's report goes far beyond his purview as a medical expert and instead makes numerous claims concerning the factual circumstances of this case, as well as Mr. Mendez's credibility, that improperly usurp the duties of the jury. Moreover, because Dr. Levin's role as an expert is limited to an assessment of Mr. Mendez's current emotional state, Dr. Levin's expansive discussion concerning Mr. Mendez's views about his factual allegations serve no reasonable purpose, and have clearly only been included to prejudice Plaintiff and to allow Defendant to interpose legal analysis in the guise of expert testimony.

As this Court has recently explained, there is no justifiable basis for permitting such an expert report into evidence. Rather, Defendant will have ample opportunity to present Dr. Levin's first hand testimony as to Mr. Mendez's current mental state, obviating the expert report that was designed solely to assist counsel in formulating their litigation strategy. Accordingly, for the reasons stated herein, Plaintiff respectfully requests that Dr. Levin's expert report be stricken from Defendant's exhibit list in its entirety and precluded from being introduced at trial.

**ARGUMENT**

**I.    Dr. Levin's Report is Irrelevant and Prejudicial**

As this Court has held, "Expert reports are for the guidance of counsel during discovery, not for the jury to consider during trial. Experts testify on direct and are cross-

1

examined by opposing counsel. Their reports do not come into evidence." *Gabel v. Richards Spears Kibbe & Orbe, LLP*, No. 07-cv-11031, 2009 U.S. Dist. LEXIS 55125, at *4 (S.D.N.Y. June 26, 2009) (McMahon, J). The exclusion of an expert report is particularly appropriate where, as here, the expert report prepared by Dr. Levin is replete with irrelevant and prejudicial information that should not be placed before the jury in the guise of an expert's informed opinion. For example, Dr. Levin's expert report details Mr. Mendez's life from birth, discussing the discipline meted out to him by his mother, his elementary schooling, his work history since he was 12 years old and his immigration to this country almost 25 years ago – none of which are even tangentially relevant to the issue of any emotional distress Plaintiff experienced as a result of the discrimination, harassment, retaliation, and acts and threats of violence that he has been subjected to by Defendant. *See*, Levin Report at 8. Indeed Dr. Levin does not even begin to discuss Mr. Mendez's employment with Defendant until spending over eight pages on other irrelevant, and highly prejudicial, topics.

Moreover, Dr. Levin's expert report also improperly interjects a factual narrative in a transparent attempt to discredit Mr. Mendez's credibility. By way of example only, in discussing Mr. Mendez's allegation that Defendant retaliated against him by ordering baked goods from another of its hotels, to serve in place of the baked goods that Mr. Mendez routinely prepared as part of his duties as a baker at the Westin, thereby diminishing Mr. Mendez's job duties, Dr. Levin states:

> When I asked the plaintiff if it was it [*sic*] possible that this was a cost saving approach by the hotel or perhaps limited to a special event, he replied that he felt the hotel specifically wanted to diminish his job. Upon further questioning he did not respond to my noting that another employee who was a Baker might also have been affected.

2

*See*, Levin Report at 16. Likewise, in discussing Defendant's decision to scrutinize Mr. Mendez by surreptitiously placing a covert surveillance camera above his work station in the Westin kitchen, Dr. Levin states: "*despite my suggestion*, [Plaintiff] was not able to acknowledge the possibility that the camera was installed to investigate his allegations." *Id*. at 15 (emphasis added). Finally, Dr. Levin repeatedly contrasts Mr. Mendez's statements to him with other evidence given by Defendant in a transparent attempt to attack Mr. Mendez's credibility (*see id.* at 21), despite the fact that his role as a purported mental health expert does not render him in any way qualified to assess the veracity of Mr. Mendez's allegations in this case. Rather, his sole function was to determine whether Mr. Mendez suffered from emotional distress that could be attributed to Defendant's misconduct based on his examination of Mr. Mendez, a topic he does not even begin to broach until page 21 of his 31-page report.

By interjecting his own opinions attacking Mr. Mendez's credibility and honesty, it is clear that Dr. Levin's report strays well beyond the parameters of a proper expert report and instead transgresses into the realm of legal advocacy. As courts have explained, "an expert cannot be presented to the jury solely for the purpose of constructing a factual narrative based upon record evidence." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2009 U.S. Dist. LEXIS 64661, at *72 (S.D.N.Y. July 27, 2009) (quoting *Highland Capital Management, L.P. v. Schneider*, 379 F. Supp. 2d 461, 469 (S.D.N.Y. 2005)). Here, because a majority of Dr. Levin's report discusses Mr. Mendez's personal history unrelated to his claim for emotional distress or employment at Defendant, it is clear that it serves no basis other than to duplicate the first hand evidentiary testimony that will be provided directly to the jury by other witnesses with personal knowledge concerning this case. As a result,

3

Dr. Levin's report should not be introduced into evidence.  *See, e.g., In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (precluding portion of expert report discussing defendant's history "because it describes lay matters which a jury is capable of understanding and deciding without the expert's help"); *Taylor v. Evans*, No. 94-cv-8425 (CSH), 1997 U.S. Dist. LEXIS 3907, at *3 (S.D.N.Y. Mar. 28, 1997) (striking expert report that contained speculations as to witness's state of mind).

Similarly, it is beyond cavil that whether Dr. Levin believes it to be "striking" that Mr. Mendez was "unable to entertain alternate explanations of events beyond his belief that he had suffered discrimination" has no bearing on any reasonable assessment of Mr. Mendez's entitlement to emotional distress damages, the only issue for which Dr. Levin is designated as an expert in this case.  *See*, Levin Report at 15-16.  As an expert witness, the case law is clear that it is beyond the scope of Dr. Levin's duties to provide *any* credibility determinations, which are inherently left to the sole determination of the jury.  *See, e.g., Hill v. City of New York*, No. 03-cv-1283 (ARR)(KAM), 2007 U.S. Dist. LEXIS 48641, at *17 (E.D.N.Y. July 5, 2007) (striking expert report that highlighted inconsistencies in witness's testimony because "it is for the jury, not the experts, to decide whether the statements of the witnesses, including plaintiff, . . . are, in fact, in sharp contrast"); *Hernandez v. Vancouver*, No. c-04-5539, 2009 U.S. Dist. LEXIS 13020, at *4 (W.D. Wash. Feb. 5, 2009) ("with respect to opinions of the expert as to the Plaintiff's credibility, it is established that because it is the province of the jury to determine credibility, opinions that are nothing more than vouchers for or attacks on credibility do not assist the trier of fact"); *Stokes v. Xerox Corp.*, No. 05-71683 (JAC), 2008 U.S. Dist. LEXIS 5805, at *41 (E.D. Mich. Jan. 28, 2008) (precluding expert testimony as to plaintiff's credibility because "this is an issue for

the jury to evaluate and is not 'scientific, technical, or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue' as provided for by Fed. R. Evid. 702'").  Because Dr. Levin only relies on second hand information, and did not personally bear witness to any of the underlying events giving rise to the instant litigation, his attacks on Mr. Mendez's credibility, as well as his assessment of the reasonableness of Mr. Mendez's opinions, amount to nothing more than pure speculation that should never be presented to the jury, especially under the guise of expert testimony.  *See, e.g., Estate of Ratcliffe v. Pradera Realty Co.*, No. 05-cv-10272 (JFK), 2008 U.S. Dist. LEXIS 14, at *14-16 (S.D.N.Y. Dec. 27, 2007) (excluding expert report based on speculation).

In light of the irrelevant opinions and statement that pervade Dr. Levin's report, and the significant likelihood that the jury would give undue weight to Dr. Levin's recitations coming from an "expert," the inclusion of this report into evidence would substantially prejudice Mr. Mendez and impede his ability to obtain a full and fair trial on his claims. Accordingly, the report should be excluded from evidence in its entirety.

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that his motion *in limine* to preclude from introducing Dr. Levin's expert report into evidence in this matter should be granted in its entirety.

Dated: New York, New York
September 25, 2009         Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

_____
Kenneth P. Thompson
Andrew S. Goodstadt
Ariel Y. Graff

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
kthompson@twglaw.com
agoodstadt@twglaw.com
agraff@twglaw.com

*Counsel for Plaintiff Moises Mendez*

6