UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
MOISES MENDEZ,                                               :
                                                             :
                              Plaintiff,                     :      08 Civ. 4967 (CM)(KNF)
                                                             :
               v.                                            :
                                                             :
STARWOOD HOTELS & RESORTS                                    :
WORLDWIDE, INC.                                              :
                                                             :
                              Defendant.                     :
------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF DR. ANDREW P. LEVIN AND TESTIMONY OR EVIDENCE CONCERNING MMPI-2**


THOMPSON WIGDOR & GILLY LLP

Kenneth P. Thompson
Andrew S. Goodstadt
Ariel Y. Graff
85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
*kthompson@twglaw.com*
*agoodstadt@twglaw.com*
*agraff@twglaw.com*

*Counsel for Plaintiff*

**PRELIMINARY STATEMENT**

Plaintiff Moises Mendez ("Plaintiff" or "Mr. Mendez") respectfully submits this memorandum of law in support of his motion *in limine* to preclude Defendant's psychiatric expert, Dr. Andrew P. Levin, from testifying at trial, and to preclude Defendant from introducing any other testimony or evidence concerning the Minnesota Multiphasic Personality Inventory-2 ("MMPI-2") that Dr. Levin administered to Mr. Mendez as part of his court-ordered independent medical examination.

As set forth in the accompanying affidavit of Mr. Mendez, Mr. Mendez made handwritten notations on his MMPI-2 answer form to identify certain questions in the MMPI-2 that he did not understand. (Mendez Aff. ¶¶ 2-3). When Mr. Mendez informed Dr. Levin that he did not understand those questions, Dr. Levin directed Mr. Mendez to respond with specific answers that Dr. Levin provided to him. (*Id.* ¶ 5). However, Dr. Levin testified at his deposition that he never told Mr. Mendez how to answer any of the questions on the MMPI-2. (*See* Ex. 1, Levin Tr. at 79:5–83:25).

To demonstrate the falsity of this testimony, Plaintiff made multiple written requests for production of his handwritten responses to the MMPI-2, which would reflect Mr. Mendez's handwritten marks next to the questions that he did not understand, and that the responses that Dr. Levin improperly directed Plaintiff to provide for those questions were both inaccurate and favorable for Defendant. (*See* Ex. 2, letter dated Jan. 7, 2009; Ex. 3, letter dated Mar. 13, 2009).

Defendant has at all times refused to produce Mr. Mendez's handwritten responses to the MMPI-2, whether in response to Plaintiff's specific requests for production, or pursuant to its obligation to produce "any exhibit to that will be used to summarize or

support" the opinions of Dr. Levin under Fed. R. Civ. P. 26(a)(2)(B)(iii). Accordingly, for the reasons stated herein, Plaintiff respectfully requests that the Court preclude Dr. Levin from testifying at trial, and further preclude Defendant from presenting any testimony or evidence concerning the MMPI-2 that Dr. Levin purportedly administered to Plaintiff.

## ARGUMENT

### I. Defendant's Failure to Disclose Mr. Mendez's MMPI-2 Responses Warrants Preclusion of Dr. Levin's Testimony and Evidence Concerning the MMPI-2

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires that expert testimony be accompanied by a written report which shall contain, among other things, "the data or other information considered by the witness in forming the opinions; [and] any exhibit that will be used to summarize or support them[.]" Fed. R. Civ. P. 26(a)(2)(B)(ii)-(iii). Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"To determine whether evidence should be precluded, a court should consider: (1) the explanation for the failure to disclose, (2) the importance of the evidence to be precluded, (3) prejudice if the evidence were not precluded, and (4) the possibility of a continuance." *Gotlin v. Lederman*, No. 04-CV-3736 (ILG), 2009 U.S. Dist. LEXIS 78818, at *11-12 (E.D.N.Y. Sept. 1, 2009) (quoting *DeSantis v. Deutsche Bank Trust Co. Ams., Inc.*, No. 05 Civ. 10868 (DC), 2009 U.S. Dist. LEXIS 3786, at *4 (S.D.N.Y. Jan. 9, 2009)). The imposition of sanctions pursuant to Rule 37(c) does not require a showing of bad faith. *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006).

Application of these standards to Defendant's failure to produce Mr. Mendez's handwritten responses to the MMPI-2 demonstrates that preclusion is warranted here.

### 1. The explanation for the failure to disclose

Defendant has provided no explanation for its refusal to disclose Mr. Mendez's handwritten responses to the MMPI-2 in violation of Fed. R. Civ. P. 26(a)(2)(B). Defendant has likewise failed to provide any explanation for its refusal to disclose Mr. Mendez's handwritten responses pursuant to Plaintiff's multiple requests for production, as well as Plaintiff's explicit notice that Defendant's refusal to produce Mr. Mendez's handwritten responses would necessitate a motion *in limine* to preclude Dr. Levin from testifying at trial. (*See* Ex. 3). Defendant's failure to even attempt to proffer any explanation for refusing to produce Mr. Mendez's handwritten responses to the MMPI-2 militates in favor of precluding Dr. Levin from testifying.

### 2. The importance of the evidence to be precluded

To the extent that Dr. Levin's anticipated testimony has any "importance" to Defendant's case, Defendant's failure to produce Mr. Mendez's handwritten responses to the MMPI-2 – which would demonstrate that Dr. Levin instructed Mr. Mendez to answer certain questions in a manner favorable to Defendant – only underscores the significant prejudice to Plaintiff in allowing Dr. Levin to testify at trial, while depriving Plaintiff of documentary evidence that would be of critical importance to Plaintiff's cross-examination. (*See* Mendez Aff. ¶¶ 5-9).

### 3. Prejudice if the evidence were not precluded

As set forth above, Plaintiff anticipates that Mr. Mendez's handwritten responses to the MMPI-2 would demonstrate that Dr. Levin's "independent medical examination" of

3

Plaintiff was tainted by misconduct, and that Dr. Levin committed perjury by denying at his deposition that he directed Mr. Mendez's responses to certain questions. This factor heavily favors the preclusion of Dr. Levin's testimony at trial, as well as any reference by Defendant to the MMPI-2.

    4.    **The possibility of a continuance**

In light of Defendant's improper failure and refusal to produce Mr. Mendez's handwritten responses to the MMPI-2 over the course of the past eight months, the possibility of a continuance or any further delay of the trial should be rejected out of hand. *See Great White Bear, LLC v. Mervyns, LLC*, No. 06 Civ. 13358 (RMB) (FM), 2008 U.S. Dist. LEXIS 41977, at *18 (S.D.N.Y. May 27, 2008) ("GWB does not deserve . . . a further continuance since it already has had several opportunities to address the deficiencies of [its expert report], but has failed to respond adequately. To allow additional time now would be unfair not only to Mervyns, but to the Court.").

**CONCLUSION**

For the reasons set forth herein, Plaintiff respectfully requests that his motion *in limine* to preclude Dr. Levin's from testifying, and to preclude Defendant from introducing any other testimony or evidence concerning the MMPI-2, be granted in its entirety.

Dated: New York, New York
September 25, 2009　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　THOMPSON WIGDOR & GILLY LLP

　　　　　　　　　　　　　　　　　*/s/ Kenneth P. Thompson*
　　　　　　　　　　　　　　　　　Kenneth P. Thompson
　　　　　　　　　　　　　　　　　Andrew S. Goodstadt
　　　　　　　　　　　　　　　　　Ariel Y. Graff

　　　　　　　　　　　　　　　　　85 Fifth Avenue
　　　　　　　　　　　　　　　　　New York, NY 10003
　　　　　　　　　　　　　　　　　Telephone: (212) 257-6800
　　　　　　　　　　　　　　　　　Facsimile: (212) 257-6845
　　　　　　　　　　　　　　　　　*kthompson@twglaw.com*
　　　　　　　　　　　　　　　　　*agoodstadt@twglaw.com*
　　　　　　　　　　　　　　　　　*agraff@twglaw.com*

　　　　　　　　　　　　　　　　　*COUNSEL FOR PLAINTIFF MOISES MENDEZ*