# Holland & Knight

195 Broadway | New York, NY 10007 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

**MEMO ENDORSED**

September 24, 2009

Michael L. Starr
212 513.3506
michael.starr@hklaw.com

RECEIVED
SEP 2 4 2009
CHAMBERS OF
COLLEEN McMAHON

USDS SDNY
DOCUMENT
ELECTRONICALLY
DOC #: _____
DATE FILED: 9/30/09

VIA FACSIMILE

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re: *Moises Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*
No. 08 Civ. 4967

Dear Judge McMahon:

This firm represents Defendant Starwood Hotels & Resorts Worldwide, Inc. in the above-referenced matter. We write to seek the Court's assistance with respect to delay and obstructionism by Plaintiff's counsel that is interfering with the timely submission of a pretrial order.

Plaintiff's counsel made no effort to communicate with Defendant's counsel concerning the pretrial order until Thursday, September 19, 2009, just one week before it was due. Opposing counsel then stated it would submit its list of proposed trial exhibits to Defendant on Tuesday, September 22, 2009, at 12:00 noon, but only on the condition that Defendant agree to transmit simultaneously its list of exhibits to Plaintiff. We responded that the customary and sensible procedure would be for Plaintiff to propose its exhibits first and for the Defendants then to respond. It was also the case that the undersigned had been on trial before this Court in another matter in the preceding week, and that Defendant was not yet prepared to supply an exhibit list.

Opposing counsel persisted, however, and refused to submit its list of exhibits, except on the basis of a simultaneous exchange.

Due to this intransigence, Defendant agreed to simultaneously exchange exhibit lists at 2:00 p.m. on Wednesday, September 23, 2009. This was just one day later than had been initially proposed by Plaintiff himself. Plaintiff, however, objected saying that one of its counsel, Ari Graff, Esq., would be engaged in another matter at that time. No explanation was given as to why the other associate who recently appeared in this action, Andrew Goodstadt, Esq. could not deal with the exchange of exhibit lists or why, for that matter, it could not be done by Mr. Thompson himself.

Exhibit lists and witness lists were exchanged simultaneously on Wednesday evening just after the close of business. It was then, for the first time, that we learned from opposing counsel

*[Handwritten annotation:]* 9/28/09 It must be simultaneous — the one who is being obstructionist — stop it!

Honorable Colleen McMahon
September 24, 2009
Page 2

that Plaintiff was intending to use for his case-in-chief excerpts from depositions that had been taken in this matter. Promptly the next morning, the undersigned communicated with Mr. Thompson, objecting to the tardy notification as to the use of depositions and the failure, even then, to designate particular pages that Plaintiff intended to use.

Then, at about 11:30 a.m. this morning, Plaintiff's counsel identified, for the first time, the particular portions of five deposition transcripts that it intended to use. It designated approximately 1,700 pages from five transcripts that, in the aggregate, numbered more than 2,200 pages. That is practically the entirety of all the fact-witness depositions Plaintiff had taken. It is also difficult to believe that Plaintiff actually intends to read to the jury 1,700 pages of deposition transcripts or to play the corresponding position videotapes, which would likely take several days.

Defendant objected that one and one-half business days before submission of the pretrial order was not adequate time for Defendant to review those deposition transcripts and identify objections and counter designations. Mr. Thompson continued his intransigence.

The trial of the matter is now scheduled for November 30, 2009. Therefore, even a delay of one week in the submission of pretrial materials, would not delay the trial, for that matter, or the final pretrial conference scheduled for October 16, 2009.

Defendant requests that this Court direct Plaintiff to reduce his deposition designations to a reasonable number and that Defendant be given a reasonable time thereafter to state its objections and counterdesignations.

Alternatively, Defendant seeks four additional business days from the due date of the pretrial order to review Plaintiff's 1,700 pages of transcript designations and to prepare its objections and counter designations. Because the undersigned will be fasting and engaged in religious observance for the Jewish Holiday of Yom Kippur on Monday, September 29, 2009, and we are asking for an extension until Friday, October 2, 2009.

Opposing counsel has refused to agree to any extension of time for pretrial matters. As his reason, he puts forth the false statement that Defendant delayed preparation of pretrial materials when, in fact, just the opposite is true. An e-mail from Mr. Thompson is attached to this letter at his request.

The request for a four business-day extension to prepare objections and counter designations to Plaintiff's tardy and voluminous transcript designations has not previously been requested. Before the trial had been postponed from November 2 to November 30, an extension of all pretrial materials had been requested by Defendant and denied.

For the foregoing reasons, Defendant respectfully requests that its time to submit objections and counter designations to Plaintiff's designation of deposition transcripts be extended to Friday, October 2, 2009. Or, in the alternative, that Plaintiff be directed to reduce

Honorable Colleen McMahon
September 24, 2009
Page 3

number of transcript designations to a reasonable amount and that Defendant be afforded four business days after that to state its objections and counterdesignations.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: _____

Michael Starr

cc (via e-mail): Kenneth P. Thompson, Esq.
Jamie E. Balanoff, Esq.
Ariel Y. Graff, Esq.

# 8858496_v1