**MEMO ENDORSED**

*Handwritten endorsement:* I am not interested in any of this and I refuse to get involved. Submit a joint pre-trial order by the due date. Anyone who fails to cooperate (as determined by me at the final pretrial conference) will find himself and his client precluded. No one has "priority" of disclosure — exchange witness lists and exhibits simultaneously. And stop behaving like children.

*signed* [initials] 9/28/09

# Thompson Wigdor & Gilly LLP
ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

Kenneth P. Thompson
kthompson@twglaw.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/09

September 24, 2009

BY FACSIMILE

Honorable Colleen McMahon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
SEP 25 2009
CHAMBERS OF
COLLEEN McMAHON

Re: *Moises Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. 08-CV-4967 (CM)(KNF)

Dear Judge McMahon:

As Your Honor is aware, we represent Plaintiff Moises Mendez ("Mr. Mendez") in the above-referenced matter. We write in response to Defendant's letter today, which falsely claims that "obstructionism by Plaintiff's counsel ... is interfering with the timely submission of the pretrial order."

As reflected in the parties' email correspondence attached hereto – which opposing counsel refused to attach to his letter, despite our request that he do so – we contacted Defendant's counsel last Thursday, September 17, 2009, to propose that the parties agree to exchange our respective witness and exhibit lists "*on or before* Tuesday, September 22, 2009 at 12:00 p.m." (Ex. 1 at 7). However, Defendant's counsel falsely claims in his letter that Plaintiff's counsel "then stated it would submit its list of proposed trial exhibits to Defendant *on* Tuesday, September 22, 2009 at 12:00 p.m." Moreover, prior to September 17, 2009, opposing counsel completely failed to reach out to Plaintiff's counsel regarding the pretrial order.[1] Furthermore, Defendant's counsel responded to our September 17, 2009 email by advising that Defendant would provide its lists "once we have these items from you." (*Id.*).

---

[1] While opposing counsel states that "the undersigned had been on trial before this Court in another matter in the preceding week," he fails to bring to the Court's attention that the bench trial to which he refers had been adjourned *sine die* on Wednesday, September 16, 2009. See Ex. 2.

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

Honorable Coleen McMahon
September 24, 2009
Page 2

We replied to confirm that if we provided Plaintiff's lists by September 22, 2009 at 12:00 p.m., Defendant would likewise provide its lists by the same deadline. (*Id.* at 6).

However, on September 18, 2009, Defendant responded by noting that "Plaintiff may be ready to move forward with its form of pretrial order, witness list and list of exhibits before Starwood," and requested that Plaintiff do so without any reciprocal commitment from Defendant. (*Id.* at 5). We replied later that day to explain that because "Defendant's untimely production of its portions of the pretrial order would obviously be prejudicial to Plaintiff, we cannot agree to send you Plaintiff's portions of the pretrial order absent your agreement to simultaneously provide us with Defendant's portions of the same. If Defendant is at this point unwilling or unable to agree that the parties exchange our respective portions of the Pretrial Order by September 22, 2009, please propose a reasonable, alternative date/time for the parties to do so." (*Id.* at 4-5). Defendant failed to even respond to this email on September 18, 2009, or to our follow up voicemail and email on Monday, September 21, 2009. (*See id.* at 4).

On Tuesday, September 22, 2009, Defendant finally responded by proposing that we exchange our witness and exhibit lists the following day at 2:00 p.m. (*See id.* at 3). My associate Ari Graff responded that he had a scheduled court conference that might run past 2:00 p.m. on September 22, 2009, but suggested that he could call Defendant's counsel when his conference concluded so that the parties could simultaneously exchange witness and exhibit lists at that time. (*See id.*). Defendant's counsel agreed to this proposal. (*See id.* at 2).

Accordingly, Mr. Graff called Defendant's counsel, Loren Forrest, Esq., yesterday shortly before 4:00 p.m. to exchange witness and exhibit lists. However, Mr. Forrest explained that Defendant was not yet ready to do so. Moreover, the exhibit list that Defendant's counsel finally transmitted at 6:50 p.m. yesterday did not identify the bates numbers associated with any of the 86 exhibits designated by Defendant. When Mr. Graff called Mr. Forrest to request bates number information or, alternatively, paper or PDF copies of the documents that Defendant intended to designate, Mr. Forrest responded by asserting that this request was baseless and that Defendant was under no obligation to do so. Knowing full well that the parties have exchanged more than 10,000 pages of documents in discovery, it was patently improper for Defendant's counsel to refuse to identify those documents with specificity. By way of example only, it was impossible for Plaintiff's counsel to know what document listed on Defendant's initial exhibit list as "DX 79 Handwritten meeting notes" Defendant in fact intended to use at trial. (*See* Ex. 3). Indeed, Defendant did not provide the bates numbers associated with its exhibit designations until 3:00 p.m. this afternoon, and only after we repeatedly emphasized that we would be forced to request Your Honor's intervention if Defendant persisted in its refusal to do so. (*See* Ex. 4).

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Coleen McMahon
September 24, 2009
Page 3

In light of the foregoing, Defendant's false accusations and attempts to once again cast aspersions on Plaintiff's counsel is another attempt to stall for time and delay this litigation. Likewise, Defendant's purported inability to cross-designate deposition testimony that is already well known to both parties is merely another pretext for seeking further delay. Accordingly, we respectfully request that the Court deny opposing counsel's request for an extension of the deadline to file the pretrial order.

Respectfully submitted,

Kenneth P. Thompson

Attachments

cc: Ari Graff, Esq.
Andrew Goodstadt, Esq.
Michael Starr, Esq.
Loren L. Forrest, Jr., Esq.