UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MOISES MENDEZ,                                            :
                                                          :
                              Plaintiff,                  :   08 Civ. 4967 (CM)(KNF)
                                                          :
            v.                                            :
                                                          :
STARWOOD HOTELS & RESORTS                                 :
WORLDWIDE, INC.                                           :
                                                          :
                              Defendant.                  :
------------------------------------------------------------ x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO STARWOOD'S MOTION FOR LEAVE TO FILE UNTIMELY PROPOSED VERDICT SHEET**

<br>

THOMPSON WIGDOR & GILLY LLP

Kenneth P. Thompson
Andrew S. Goodstadt
Ariel Y. Graff
85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845
*kthompson@twglaw.com*
*agoodstadt@twglaw.com*
*agraff@twglaw.com*

*COUNSEL FOR PLAINTIFF*

Plaintiff Moises Mendez ("Mr. Mendez") respectfully submits this memorandum in opposition to the motion by Defendant Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") for leave to file its proposed verdict sheet nearly three weeks after the deadline established by the Court's Scheduling Order. As set forth in greater detail below, Starwood has failed to proffer a reasonable justification for its failure to timely comply with the Court's deadline. Moreover, Starwood's proposed verdict sheet improperly omits certain of Plaintiff's claims in this case and is otherwise deficient on its face. Accordingly, Starwood's motion to file its untimely verdict sheet should be denied in its entirety.

## ARGUMENT

### I. Starwood Has Failed to Show Good Cause for Its Failure to Timely File its Proposed Verdict Sheet

In attempting to explain why it failed to timely file its proposed verdict sheet pursuant to the Court's Scheduling Order, Starwood relies on the fact that one of its attorneys was involved in a trial before Judge Sidney Stein. (Starr Aff. ¶¶ 12-13). However, as Starwood admits, this trial was adjourned indefinitely on September 17, 2009, over a week prior to the deadline for submissions in this case. (*Id.* at ¶ 9). Indeed, Starwood's counsel's last filing associated with that trial was on September 23, 2009, two days before the Court's deadline for the parties to file its pre-trial submissions. (*Id.* at 11).

As Starwood readily concedes, the Court's Scheduling Order dated September 8, 2009 denied Starwood's motion to adjourn the final pretrial conference and jury trial, and established September 25, 2009 as the deadline for submission of the parties' pretrial filings, including each parties' proposed verdict sheet.[1] (*See id.* at ¶ 6). Tellingly, however,

---

[1] We note that Plaintiff filed his proposed verdict sheet at 12:02 A.M. on September 26, 2009 as a result of Defendant's failure to disclose multiple portions of the pretrial order

2

Starwood's motion fails to explain why it was purportedly unable to file its proposed verdict sheet until 19 days past this deadline, and only two days prior to the final pre-trial conference. Although Starwood attempts to once again explain that its counsel purportedly was busy with other matters and could not prepare or timely file its proposed verdict sheet between September 8, 2009 and September 23, 2009 – nor, apparently, at any time prior to October 14, 2009 (*see id.* ¶¶ 10-14) – this justification falls short of the mark. First, Defendant's explanation is wholly undercut by the fact that, despite its purported conflicts, Starwood nevertheless had ample time to submit its remaining pre-trial submissions in a timely manner, including its jury instructions, motions *in limine* and the joint pre-trial order. Nowhere in any of its motion papers does Starwood even attempt to proffer an explanation as to why drafting its proposed verdict sheet, all of six pages in length, was particularly burdensome or onerous, thereby necessitating 19 additional days past the Court's deadline for its filing. Moreover, as noted in the Court's September 8, 2009 Scheduling Order, "Holland & Knight has more than one available litigator in New York," and even if it did not, it is generally more appropriate for counsel to "turn[] down assignments" that cannot be "fulfill[ed] because of momentous obligations," rather than simply disregarding Court deadlines. *See* Scheduling Order filed September 9, 2009 (ECF Doc. No. 54).

    Finally, Fed. R. Civ. P. Rule 16(b) requires that a court's scheduling order "shall not be modified except upon a showing of good cause." Thus, "[t]here is really no need to go further; counsel's unexplained delay is sufficient reason to deny the motion for leave to" submit an untimely proposed verdict sheet. *See Martin v. MTA Bridges & Tunnels*, No. 06

---

until 10:46 P.M. on Friday night, September 25, 2009. (*See* Plaintiff's letter to the Court dated September 29, 2009).

Civ. 3125 (CM)(RLE), 2008 U.S. Dist. LEXIS 54775, at *4 (S.D.N.Y. July 17, 2008) (McMahon, J.). Accordingly, Starwood's motion for leave to file its untimely, proposed verdict sheet should be denied in its entirety.

## II. Starwood's Proposed Verdict Sheet Improperly Omits Plaintiff's Claims and is Otherwise Deficient on its Face

Even if the Court were to entertain Starwood's untimely proposed verdict sheet, which it should not, the verdict sheet should be rejected because it is facially deficient. As set forth below, the interests of justice certainly demonstrate that acceptance of Starwood's proposed verdict sheet is not warranted.

The first sentence of Plaintiff's proposed verdict sheet is a clear instruction for the jury to answer each of the subsequent questions: "According to the principles of law as charged by the Court and the facts as you find them from a preponderance of the evidence." (*See* Plaintiff's Proposed Verdict Sheet 2). Accordingly, Starwood's assertions that Plaintiff's verdict sheet "fails to distinguish between liability for discriminatory harassment resulting from the conduct of non-supervisory co-workers as opposed to harassment in the form of a hostile work environment created by the conduct of a supervisor," and "omits Starwood's affirmative defenses" (Def.'s Mem. at 3), are irrelevant, as these purported omissions are explicitly covered in full detail in Plaintiff's proposed jury instructions. (*See* Plaintiff's Proposed Jury Instruction No. 10 (*Hostile Work Environment*) and No. 14 (*Respondeat Superior*) The same is true with respect to Starwood's purported objections that Plaintiff's Proposed Verdict Sheet "does not adequately articulate the standards for retaliation under federal law" (*id.* at 4), and "omits mention of Defendant's affirmative defense" to Mr. Mendez's disability discrimination claims. Each of these items is covered in detail in Plaintiff's Proposed Jury Charge (*see* Plaintiff's Proposed Instruction No. 13

(*Retaliation*) and No. 11 (*Reasonable Accomodation*), and Starwood's desire to highlight specific aspects of the jury charge that are favorable to its defense in its Proposed Verdict Sheet is both unnecessary, and likely only to confuse the jury as to the significance of the full scope of relevant principles of law articulated in the jury charge. *See, e.g., Britt v. Garcia*, 457 F.3d 264, 272 (2d Cir. 2006) (finding that jury is presumed to have followed jury instructions in answering verdict sheet).

More troubling still is Starwood's attempt to escape liability for economic and punitive damages by unilaterally omitting these questions from its proposed verdict sheet altogether, based on nothing more than Starwood's claim that Plaintiff cannot prove his entitlement to such damages at trial. However, with respect to economic damages, Plaintiff seeks to recover the costs of future hospital and medical care and treatment resulting from medical conditions that have been exacerbated by Starwood's discriminatory and unlawful conduct, (*see* Plaintiff's Supplemental Initial Disclosures, Disclosure C), and Starwood cannot preclude him from presenting this aspect of damages to the jury by simply striking it from the verdict sheet. Similarly, Starwood's bare assertion that "there is no evidence that Defendant acted with malice or reckless indifference to Plaintiff's rights" (Starwood Mem. at 3) presupposes the jury's determination of that very question. Weighing the evidence and determining whether Plaintiff is entitled to punitive damages based on the principles of law set forth in the jury charge is clearly the sole province of the jury, and Starwood's attempt to prevail on the question of punitive damages is therefore completely devoid of merit.

Finally, Starwood has entirely omitted Plaintiff's claims for negligent supervision and retention from its proposed verdict sheet, purportedly because Plaintiff has failed to

5

sufficiently allege a "significant physical injury" as New York cases purportedly "generally require." (*See* Def.'s Mem. at 4). Having declined to move for summary judgment on this basis, presumably with the knowledge that it would not be able to prevail on the merits of these assertions, it is completely improper for Starwood to now attempt to preclude Plaintiff from presenting this, or any other of his claims, to be determined by the jury at trial. Accordingly, even if the Court were to consider Starwood's untimely proposed verdict sheet, it should be rejected as substantively deficient and misleading on its merits.

## **CONCLUSION**

For all the foregoing reasons, Defendant's motion for leave to file an untimely proposed verdict sheet should be denied in its entirety.

Dated: New York, New York
      October 15, 2009　　　　　　　　　　Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

_/s/ Kenneth P. Thompson_
Kenneth P. Thompson
Andrew S. Goodstadt
Ariel Y. Graff

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
*kthompson@twglaw.com*
*agoodstadt@twglaw.com*
*agraff@twglaw.com*

*COUNSEL FOR PLAINTIFF MOISES MENDEZ*