

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/27/09

Kenneth P. Thompson
kthompson@twglaw.com

**MEMO ENDORSED**

October 26, 2009

CHAMBERS OF
COLLEEN McMAHON

**BY FACSIMILE**

Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*We will discuss at trial. Stop sending me letters.*

Re:   *Moises Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*,
      **No. 08-CV-4967 (CM) (KNF)**

Dear Judge McMahon:

*Colleen McM*

As Your Honor knows, we represent Plaintiff Moises Mendez ("Mr. Mendez") in the above-referenced matter. At the final pretrial conference on October 16, 2009, Your Honor instructed, among other things, that Plaintiff was to provide the Court with a written representation regarding:

> [W]hat investigations the Plaintiff is challenging as inadequate. As for any such investigation, the entire investigation file will be admitted for the limited purpose of establishing for the jury the scope of the investigation.

(Tr. 82:14-19). Your Honor further directed Defendant to provide Plaintiff, by October 21, 2009, with copies of, or bates ranges corresponding to, "[e]very single investigation that [Defendant] made of a complaint by Moises Mendez" (Tr. 93:19-20), and instructed that Plaintiff was to provide the Court with a written representation regarding the investigation files that correspond to those investigations that he alleges to have been "inadequate in any fashion" (Tr. 93:5) by October 26, 2009.

Accordingly, Plaintiff hereby identifies the following "investigation files" produced by Defendant in connection with its investigations into complaints by Plaintiff, which Plaintiff alleges to have been "insufficient" or "inadequate" investigations:

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Colleen McMahon
October 26, 2009
Page 2

| Exhibit No. | Description |
|---|---|
| DX_161 | "Food Poisoning Investigation" |
| DX_162 | "Miscellaneous – Letter regarding Work Environment Addressed to Derrick Carlo" |
| DX_163 | "Schedule Change" |
| DX_164 | "Fernando Tello" |
| DX_165 | "Anonymous Note – Note received on 6.15.2007" |
| DX_166 | "Harassment Ltr – Letter regarding Harassment addressed to Maria Lavides" |
| DX_167 | "Request for Non-Seasoned Food" |
| DX_169 | "Service Express 'English Only' Investigation" |
| DX_173 | "Investigation Regarding Moises letter dated February 16, 2008" |
| DX_177 | "June 13, 2008 Incident with M. Mendez and M. Kleinman" |

In addition to the complaints that Plaintiff alleges to have been "insufficiently" or "inadequately" investigated as evidenced by the "investigation files" identified above, Plaintiff also respectfully reserves his right to challenge the "adequacy" or "sufficiency" of Defendant's response to certain of his complaints that Defendant failed to investigate at all, for which no corresponding "investigation files" exist.

Finally, we respectfully request clarification regarding Your Honor's ruling with respect to the admissibility of PX_7, which is a letter of complaint signed by Mr. Mendez and eight of his co-workers concerning discriminatory harassment by co-worker Fernando Tello. (See Exhibit A). At the final pretrial conference, Your Honor apparently ruled that this written complaint by Mr. Mendez and others would not be admitted into evidence. However, this ruling is in contrast to the Court's admission of every other written complaint signed by Mr. Mendez. Moreover, the same letter of complaint is the subject of the investigation file marked DX_164, which, as noted above, Plaintiff challenges as an insufficient investigation, and will thus be admitted into evidence in its entirety. Accordingly, because the letter of complaint regarding discriminatory harassment by Tello will now be presented to the jury with an appropriate limiting instruction, we respectfully request clarification as to the permissibility of questioning Mr. Mendez on direct examination with respect to those portions of the written complaint that he can testify to on the basis of first-hand, personal knowledge.

In connection with request for clarification, we respectfully note that Mr. Mendez was aware of the allegations of his co-signatories regarding discriminatory harassment committed by Tello, and that this knowledge – compounded by Defendant's inadequate response to the written letter of complaint – is directly relevant to his allegations of a racially hostile work environment, as well as his burden of demonstrating that his

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable Colleen McMahon
October 26, 2009
Page 3

environment was subjectively hostile in light of the totality of circumstances. *See* Tr. 5:5-10 (denying Defendant's motion *in limine* and holding that "Plaintiff will be allowed to introduce evidence about Tello's racially discriminatory and harassing conduct, including his comments about African-Americans because the evidence is relevant on the critical question of whether Starwood was entitled to Farragher Ellereth"); *see also Schwapp v. Town of Avon*, 118 F.3d 106, 112 (2d Cir. 1997) (holding that evidence of comments towards other employees "could very well be relevant to [plaintiff's] reasonable perception of a hostile work environment").

Respectfully submitted,

Kenneth P. Thompson

Attachment

cc: Andrew Goodstadt, Esq.
    Ari Graff, Esq.
    Michael Starr, Esq.
    Loren L. Forrest, Jr., Esq.

# Exhibit A

05-05-07

I Demba Babayoko, on behalf of the undersigned state that many times Tello provokes and arrashes fellow associates and kitchen team, to mention a few Victor, Ali, Mukktar have had problems with him.

- Spitting in front of them an indication that they stink, MM
- He discriminates blacks and call them "mono" monkey. Blackies
- Most of the times he has been seen taking food from the Shula's, cooking food with Pedro Sagura.
- They drink alcohol and sometimes leave workplace with hotel uniform, taking shower without taking break.

Currently requested to change my shift from night to am or pm.
We pray that a right decision will prevail signed.

sincerely

Demba Bagayoko  *Demba Bagayoko*

From:
- RAYMOND AGBO
- MUKTAR M. SAMBU
- Moses Mendez
- Philippe Dorlae
- Constant
- BEN HAMED
- [signatures]
- Juan R. Membreño
- LOISEAU CONSTANT
- [signature] Membreño

'07 MAY 10 PM 2:05