```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/10
```

# Holland & Knight

195 Broadway | New York, NY 10007 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Loren L. Forrest, Jr., Esq.
212-513-3370
Loren.forrest@hklaw.com

**MEMO ENDORSED**

*Not another word* [handwritten]

February 3, 2010

**VIA FACSIMILE**
Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

[signature] Colleen M. Mc[Mahon]
2/3/10

Re:   *Moises Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*
      No. 08-Civ. 4967

Dear Judge McMahon:

Counsel for Starwood Hotels & Resorts Worldwide, Inc. ("Starwood") writes this letter in response to Plaintiff's letter to the Court on February 2, 2010 regarding the scheduling conflict of witness testimony.

Plaintiff's letter in full of inaccuracies and misstatements of fact. Starwood's witnesses were always ready to proceed with trial on both November 30, 2009 as well as February 16, 2010. Starwood did not request an adjournment of either of these trial dates. Consistent with the Court's January 27, 2010 Order, Starwood merely wrote to inform the Court of scheduling conflicts for its witnesses that had developed due to the Courts *sua sponte* adjournment of the trial date from February 8 to February 16. Unfortunately, Mr. Thompson feels the need to resort to contentious responses rather than to be cooperative and propose some pragmatic resolution of these scheduling conflicts that have occurred through no fault of Starwood.

Defendant's expert, Andrew P. Levin, M.D. was available to testify on November 30, 2009, and Defendant made no request for an adjournment. Dr. Levin was available for the trial of February 8, the adjourn date established by the Court. He scheduled his vacation with the understanding that he would testify some time during the week of February 16, 2010 (which was absolutely achievable given that Plaintiff had asked for only 5 days to present his case). However, when this Court delayed the trial's start date for one week, a scheduling conflict arose.

Defendants are entitled to have their expert at trial, and did nothing to create the current conflict. Plaintiff's reference to "purported" scheduling conflicts insinuates aspersions as to the truthfulness of a fellow member of the bar which is unwarranted and baseless. Moreover, Dr. Levin's scheduling conflict was not the "sole" reason for Defendant's letter. Plaintiff's counsel entirely ignores the scheduling conflict of Plaintiff's co-worker, Charlie Blanco.

References to witness intimidation on the part of Defendant are inflammatory and false. Significantly, opposing counsel has never suggested anything like that until this letter, even though I have been in continual contact with his office for the last few weeks of a variety of pre-trial matters.

Further, in my telephone conversations with Mr. Thompson's associate, Ari Graff, Esq., he never indicated that Plaintiff was adamantly opposed to any adjournment whatsoever. More importantly, when I inquired as to the dates that Plaintiff planned to call its expert and medical witnesses, Mr. Graff informed me that he could not commit to any dates, since the exact dates of their testimony was still being addressed due to scheduling issues. Now, in a letter the same day and only a few hours later, Mr. Thompson states that Plaintiff's doctors have "arranged their schedules accordingly." That is wholly inconsistent with what Mr. Graff had said to me only hours earlier.

Consistent with your Honor's rules regarding disputes and the principles that advocate civility between members of the New York State Bar, Plaintiff's counsel should have proposed some potential resolutions or at least tried to negotiate this conflict with counsel for Starwood before writing his vituperative letter to the Court. Instead, he chose not to.

Defendants have no objection to Dr. Levin's testifying on March 3 (the first day back from his vacation), but there is no assurance that the trial will take that long. Defendants are willing to have Dr. Levin testify out of order on February 19 (though that is prejudicial to the effective presentation of its defense), but Plaintiff has not advised that Plaintiff, his physicians, and expert witness will have concluded their testimony in the first three days of trial.

Even now, in its February 2, 2010 letter to the Court, Plaintiff's counsel still fails to inform Defendant or the Court as to what witnesses he will actually call, in what order and how long he anticipates their testimony will take. Starwood respectfully ask the Court to require that information from Plaintiff as the first step to finding a practical solution, if possible, to this scheduling conflict.

Respectfully submitted,

Loren L. Forrest, Jr.

cc (via email):   Jamie E. Balanoff, Esq.
                  Kenneth P. Thompson, Esq.
                  Ariel Y. Graff, Esq.
                  Michael Starr, Esq.

# 9142920_v1