UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/9/2010
```

——————————————————————x

MOISES MENDEZ,

       Plaintiff,

  -against-                                   08 Civ. 4967 (CM)

STARWOOD HOTELS & RESORTS
WORLDWIDE, INC.,

       Defendants.

——————————————————————x

McMahon, J.:

      The Court has been bombarded with letters from counsel for defendants, seeking various orders for this and that. My rulings as to all of their requests are as follows:

1. Any attorney who is admitted to practice in the Southern District of New York may bring one and only one personal electronic communications device (cell phone or Blackberry or PDA) into the courthouse for the duration of the trial of this action, commencing February 16, 2010. Please forward a list of those attorneys. No other person is authorized to bring a cell phone or other electronics communications device into the courthouse – this includes persons on the defense team who are not admitted attorneys and consultants.

2. No more than three general purpose computing devices ("GPCDs") (which is to say, laptop or personal computers or notebooks) may be brought into the courtroom by the defense team (including consultants) during the trial. A form of order authorizing those GPCDs is attached; counsel must properly identify the GPCDs and certify, as officers of the court, that the GPCDs conform to the requirements of the order.

3. Defendants may use Courtroom Connect as internet provider, but Courtroom Connect may not under any circumstances broadcast, stream or otherwise transmit any portion of the trial outside the courtroom. Internet service is provided solely for the purpose of accessing the internet to perform legal research during the trial day, and Courtroom Connect may be used only for that purpose.

4. The courthouse has already been ordered closed tomorrow (February 10) due to the anticipated snowstorm. Counsel need to contact either Jim O'Neill, my senior law clerk, at 212-805-6329, or Shireen Barday, my law clerk, at 212-805-6330, to arrange for installation of equipment. Friday and Monday are both court holidays, but it is probably too late today to arrange for anything to happen on Thursday. Unfortunately, I cannot do anything about the weather.

Dated: February 9, 2010

U.S.D.J.

BY ECF TO ALL COUNSEL

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
**IN THE MATTER OF AN APPLICATION**
**TO BRING AN ELECTRONIC DEVICE(S)**
**INTO THE DANIEL PATRICK MOYNIHAN**          Order No. _____
**UNITED STATES COURTHOUSE**
**FOR USE IN A TRIAL OR PROCEEDING**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      I hereby authorize the following attorney(s) to bring the General Purpose Computing Device(s) ("GPCD") into the Courthouse for use in a trial or proceeding in the action entitled _____, No. _____, which is anticipated to begin on _____ and conclude on _____.

| Attorney | Device(s) |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| | |

      The attorney(s) identified in this Order must present a copy of this Order when entering the Courthouse.  Their bringing of the equipment into the building constitutes a certification by them that the electronic device(s) lack (a) the capacity to make or record images or sounds or to send or receive wireless transmissions, and  (b) one or more infrared ports or, alternatively, that any such capability or ports have been disabled.  They shall not use or permit the use of such equipment to make or record images or sounds or to send or receive wireless transmissions.  They shall comply in all respects with the requirements printed on the reverse side of this page.

      This order does not authorize any attorney or law firm to bring more than three GPCDs into the Courthouse.

      SO ORDERED.

Dated:       _____ _____

                                     _____
                                        United States Judge

RECEIPT ACKNOWLEDGED

_____

Chair (or designee), Technology Committee

*(The provisions on page 2 are an integral part of this order.)*     **ADDITIONAL PROVISIONS**

       1.     The term General Purpose Computing Device ("GPCD") as used in this Order refers to a personal computer, laptop computer, notebook, or personal reader (such as a Nook).

       2.     GPCD screens and monitors are limited to one screen or monitor per GPCD and shall not obstruct vision or otherwise interfere with the proceedings.

       3.     Printers, scanners and other noise-emitting devices shall not be connected to authorized GPCDs while GPCDs are in a courtroom.

       4.     No GPCD shall be connected to the Court's computer network or any device connected thereto. No GPCD that is connected to a court reporter's device for the purpose of receiving a real-time feed may be networked with any other GPCD or Personal Electronic Device.