UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MOISES MENDEZ,                                              :
                                                            :
                               Plaintiff,         :         08 Civ. 4967 (CM)
                                                            :
        v.                                                  :
                                                            :
STARWOOD HOTELS & RESORTS                                   :
WORLDWIDE, INC.,                                            :
                                                            :
                              Defendant.         :
------------------------------------------------------------------ x

**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY CHARGE REGARDING
SPOLIATION/DESTRUCTION OF EVIDENCE**

      Mr. Mendez contends that Starwood at one time possessed the original and fully executed document designated PX_54 and either: (i) destroyed it while this case was pending; or (ii) fraudulently attached the signature page of PX_54 to an altered document which is now designated PX_55.  However, Starwood contends that although the original fully executed signature page of the document designated PX_54 cannot be located, it was not intentionally destroyed.

      Mr. Mendez also contends that Starwood at one time possessed the handwritten notes taken by Starwood Human Resources Department employees as part of their investigations into Mr. Mendez's written and oral complaints of discrimination and retaliation against him in the workplace, but that Starwood improperly destroyed those notes in anticipation of Mr. Mendez's initiation of legal proceedings against it.  However, Starwood contends that Human Resources Department employees did not destroy such handwritten investigation notes in bad faith.

      You must assume that such missing evidence would have been favorable to Mr. Mendez and unfavorable to Starwood if you find by a preponderance of the evidence that:

>   (1) Starwood intentionally altered or destroyed the evidence; and
>
>   (2) Starwood altered or destroyed the evidence in bad faith.

*Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107-08 (2d Cir. 2002) ("[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind;' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."); *accord Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Secs, LLC*, No. 05 Civ. 9016 (SAS), 2010 U.S. Dist. LEXIS 4546, at *18-19 (S.D.N.Y. Jan. 15, 2010) (citing *Residential Funding Corp.*, 306 F.3d at 108-09 (2d Cir. 2002)); *cf. Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 111 (2d Cir. 2001) ("[A] jury could reasonably find that the documents Cromwell destroyed-most prominently, the notes relied upon by Nappi in preparing the account of the hiring process that formed the basis of the CCHRO Answer and any notes made during the candidate interviews-- would have filled out the picture created by the evidence Cromwell actually did produce in an unflattering manner by showing unlawfully discriminatory reasons informed the decision not to hire Byrnie."); *see also Zimmerman v. Associates First Capital Corp.*, 251 F.3d 376, 383 (2d Cir. 2001) (upholding adverse inference instruction that permitted parties to present spoliation evidence to the jury and instructed the jury that it was "permitted, but not required, to infer that [the destroyed] evidence would have been unfavorable to the defendant").