# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Michael Starr
(212) 513-3506
michael.starr@hklaw.com

**MEMO ENDORSED**

RECEIVED NOV 18 2010 CHAMBERS OF COLLEEN McMAHON

*[Handwritten endorsement dated 11/19/2010:] I must say, the whole lot of you are less than impressive. Plan Mr. Mendez, work this out. CM*

November 18, 2010

**VIA FACSIMILE**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/10

Re:   *Moises Mendez v. Starwood Hotels & Resorts Worldwide, Inc.*
      No. 08- Civ. 4967

Dear Judge McMahon:

As Your Honor is aware, this Firm represents Defendant Starwood Hotels & Resorts Worldwide, Inc. ("*Starwood*") in connection with the above-referenced matter. We write to correct inaccurate and misleading statements made by counsel for Plaintiff in his letter to you of November 17, 2010.

In the draft Settlement Agreement to resolve this lawsuit, the parties have agreed to certain confidentiality provisions that they mutually acknowledge to be a material inducement to Starwoods entering into the Agreement. The confidentiality provisions do not, either directly or indirectly, limit the ability of Plaintiff's counsel to practice law in the future or restrict Plaintiff's counsel representation of any future clients. No provision violates Rule 5.6(a)(2) of the Rules of Professional Conduct of the State of New York, and the ethics opinion referred to by Plaintiff's counsel is not apposite and does not address any provision like that which is here disfavored by Plaintiff's counsel.

We hesitate to address in more detail the false and misleading assertions made by Plaintiff's counsel because we do not believe the Court should be embroiled in opposing counsel's attempt to avoid a disfavored provision under the guise that it is ethically improper. This Court is not the proper forum to determine such issues. Starwood respectfully submits that this Court does not have authority to compel it to remove a provision from a proposed Settlement Agreement based on opposing counsel's erroneous assertion that it is unethical, nor to determine for the parties which provisions are or are not material. If Plaintiff's counsel generally believed that the

Honorable Colleen McMahon
November 18, 2010
Page 2

Settlement Agreement contained an unethical provision, there are appropriate forums to whom that matter could be addressed. We respectfully request that this Court decline Plaintiff's invitation for it to involve itself in matters that exceed its authority.

Respectfully submitted,

HOLLAND & KNIGHT LLP

Michael Starr

cc: <u>Via E-mail</u>
Ken Thompson, Esq.
Jamie Balanoff, Esq.
Robert Powers, Esq.